**STATE of Iowa, Appellee,**

v.

**Raymond Lamont STALLINGS, Appellant.**

No. 01–1766.

Supreme Court of Iowa.

Jan. 23, 2003.

Rehearing Denied March 14, 2003.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, William E. Davis, County Attorney, and Joseph A. Grubisich, Assistant County Attorney, for appellee.

LARSON, Justice.

Raymond Stallings was convicted in a bench trial of first-degree murder, willful injury, and going armed with intent. He appealed, claiming he was improperly denied his constitutional and statutory right to a jury trial. We reverse and remand.

## I. *Facts and Prior Proceedings.*

A man was shot during a multiparty free-for-all in Davenport. Raymond Stallings was arrested and charged with first-degree murder, willful injury, and going armed with intent. Trial was set. A December pretrial conference order stated that a jury trial had not been waived. A pretrial conference order dated March 2, 2001, again stated that a jury trial had not been waived. On May 29, 2001, an order was entered continuing the "jury trial" until August 13, 2001. Another order, dated July 25, 2001, continued the "jury trial" again. Based on these orders, and the failure of either the State or defendant to assert otherwise, it appeared that the case was headed for a jury trial.

A statement of fees from Stallings' trial counsel indicates that, on August 31, 2001, Stallings waived a jury trial during a hearing on his motion to suppress evidence. However, there is no testimony on record from the suppression hearing about waiving a jury trial. No waiver was even mentioned by the State, the defendant, or the court at either the suppression hearing or trial. There is no written waiver of a trial by jury in the record.

The court held a bench trial and found Stallings guilty of all three counts. Stallings appealed.

## II. *The Issue.*

The sole issue is whether Stallings was denied effective assistance of counsel when his attorney failed to obtain his waiver of a jury trial in writing and secure the compli-

ance of the court with our rule concerning waivers of jury trial.

■ The standard of review for ineffective assistance of counsel is well established. We review such claims de novo. *State v. Allison,* 576 N.W.2d 371, 373 (Iowa 1998). We review Stallings' claim with respect to his right to a jury trial in view of the great solicitude of courts for jury trials. The Constitution provides: "The trial of all Crimes, except in Cases of Impeachment, shall be by Jury . . . ." U.S. Const. art. III, § 2. Further, the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."

■ The adequacy of a jury-trial waiver is a mixed question of fact and law, which an appellate court decides de novo. *United States v. Duarte–Higareda,* 113 F.3d 1000, 1002 (9th Cir.1997). A court's ruling on a jury-waiver application is a matter vested in the court's sound discretion. *United States v. Saadya,* 750 F.2d 1419, 1421 (9th Cir.1985).

■ Ineffective-assistance-of-counsel claims are an exception to the general rules of error preservation. *State v. Lucas,* 323 N.W.2d 228, 232 (Iowa 1982). In general, ineffective-assistance claims are preserved for postconviction relief, but we consider the claim on its merits when the record is adequate to do so. *State v. Buck,* 510 N.W.2d 850, 853 (Iowa 1994). We consider the present case to be one in which the record is sufficient to rule on the issue on direct appeal.

■ To establish an ineffective-assistance claim, Stallings must show that (1) his counsel failed to perform an essential duty, and (2) prejudice resulted. *Strick-*

*land v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To meet the first prong of the test, counsel's performance is measured against the standard of a reasonably competent practitioner, with the presumption that the attorney performed his duties in a competent manner. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95. In order to meet the prejudice prong of this test, the defendant must show that, but for counsel's error, there is a reasonable probability that the results of the trial would have been different. *Id.* We believe the defendant has satisfied both tests here.

### III. *Analysis.*

No record appears showing Stallings' counsel insured compliance with Iowa Rule of Criminal Procedure 2.17(1) (formerly rule 16), which provides:

> *Trial by jury.* Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record within 30 days after arraignment, or if no waiver is made within 30 days after arraignment the defendant may waive within ten days after the completion of discovery, but not later than ten days prior to the date set for trial. . . .

The comparable federal rule provides:

> Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

Fed.R.Crim.P. 23(a) (2000). Our rule differs in two significant respects from the federal rule. Our rule does not require the "approval" of the court or the consent of the prosecutor, as the federal rule does. Our rule, however, assumes the court is at least made aware of the defendant's waiver because it requires the waiver to be made in writing and "on the record." Because the right to a trial by jury is so fundamental in our system of justice, we believe our rule must be interpreted to at least require the court to be involved in the waiver process. Some federal cases strongly suggest that the court engage in an in-court colloquy in which the court assesses the extent of the defendant's knowledge and understanding of a waiver—much like a guilty plea. *See, e.g., United States v. Christensen*, 18 F.3d 822, 825 (9th Cir. 1994); *United States v. Cochran.* 770 F.2d 850, 851–53 (9th Cir.1985); *United States v. Martin*, 704 F.2d 267, 274–75 (6th Cir. 1983).

One authority has stated:

> It clearly is the better practice for the court to interrogate the defendant personally, before accepting a waiver of jury trial, to be sure that the defendant understands his right to trial by jury and the consequences of a waiver. This is not, however, required either by the Constitution or [Federal] Rule 23.

2 Charles Alan Wright, *Federal Practice and Procedure* § 372, at 453–54 (3d ed.2000).

Some federal circuits have entered supervisory orders requiring an in-court colloquy in jury-waiver hearings. *See, e.g., United States v. Scott*, 583 F.2d 362, 364 (7th Cir.1978) (noting failure of district courts to adopt seventh circuit's previous suggestions of in-court colloquy, adopted supervisory order requiring such colloquy in all future cases); *see also Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir.2000) (discussing per se rule for colloquy in federal courts). *But see United States v. Robertson*, 45 F.3d 1423, 1432 (10th Cir. 1995) (rejecting per se supervisory order requiring in-court colloquy, saying, nevertheless, "[we] strongly urge district courts personally to inform each defendant of the

nature of jury trials on the record before accepting a proffered waiver").

The court in *Robertson* stated:

Given the significance of the right to a jury trial and the importance of the decision to waive that right, we have no doubt district courts will insure such waivers are knowing, voluntary, and intelligent by informing defendants, on the record, of the nature of that right and the consequences of waiving it.

Defendants should be informed that (1) twelve members of the community compose a jury; (2) the defendant may take part in jury selections; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial.

45 F.3d at 1432.

■ We take a view similar to *Robertson*'s concerning waivers under our rule 2.17(1): More than the *fact* a waiver was executed by the defendant must be apparent in the record. Even if a written waiver were in the record of the present case (which it was not), the record should still establish the defendant made a knowing, voluntary, and intelligent decision on waiver—a requirement that is "distinct from the requirement that the waiver be written." *Robertson,* 45 F.3d at 1432 (quoting 8A James W. Moore, *Moore's Federal Practice* ¶ 23.03[2][c] (2d ed.1994)).

■ No written waiver may be found in the record of Stallings' case. However, we agree with the State that this is not necessarily fatal. As *Robertson* said,

[m]indful of Rule 23(a)'s writing requirement and the reasons for it, we conclude requiring strict compliance with Rule 23(a) is not justified. In those circumstances where the record clearly reflects a defendant's waiver of the right is voluntary, knowing, and intelligent, we see no practical justification for find-

ing a waiver invalid simply because Rule 23(a)'s writing requirement has not been met. The Constitution requires only that a waiver of the right to trial by jury be knowing, intelligent, and voluntary. When the purposes of Rule 23(a) have been satisfied by means other than a written waiver, little is served by rigidly requiring compliance with the Rule. To conclude otherwise would, in our opinion, elevate form over substance. Accordingly, we hold while Rule 23(a) should be complied with in all cases, noncompliance will not necessarily invalidate a waiver of the right to trial by jury if the waiver can otherwise be shown to have been entered knowingly, voluntarily, and intelligently.

45 F.3d at 1431 (citations omitted).

In *Robertson* the defendant's attorney, but not the defendant, signed and filed a written waiver. However, the district court made no inquiry as to the defendant's understanding of the waiver. On appeal the court said:

Under these circumstances, there is no way for a reviewing court to determine whether Ms. Walker's waiver was knowing, voluntary, and intelligent. This fact, coupled with the strong presumption against finding a waiver of fundamental constitutional rights, compels us to reject the government's argument that her waiver is nevertheless valid. Accepting the government's argument would require us to permit the waiver of a fundamental constitutional right based on nothing more than conjecture and speculation. This we decline to do. The right of trial by jury is one enjoyed by the people as well as defendants and courts should be hesitant to dispense with that right.

*Id.* at 1433 (citation omitted). The *Robertson* court vacated the defendant's conviction because there was no evidence in the

record to indicate the waiver of a trial by jury was knowing, voluntary, and intelligent. *Id.* The court remanded for a trial by jury. *Id.*

In Stallings' case, there is even less of a record on which to find a valid waiver. In contrast to *Robertson*, in which the defendant's attorney signed a waiver, there is no written waiver by Stallings or his attorney in the record in this case. While neither a written waiver nor an in-court colloquy is constitutionally mandated to establish a knowing, voluntary, and intelligent waiver, practical considerations suggest that a written waiver as well as an in-court colloquy should be used to assure a proper waiver. For example, a defendant might be shown through an in-court colloquy to have a mental condition that impairs his ability to understand the waiver. *See, e.g., Christensen,* 18 F.3d at 826 ("The suspected presence of mental or emotional instability eliminates any presumption that a written waiver is voluntary, knowing or intelligent."). The court may also, through the colloquy, determine if a proposed waiver decision was the product of duress or coercion. *Martin,* 704 F.2d at 273. The court in *Martin* said:

> [A] defendant ignorant of the nature of the jury trial right cannot intelligently waive the value of the safeguard [of a jury trial]. A defendant, therefore, should have both the mental ability and some knowledge of the jury trial right before he is allowed to waive it.

*Id.*

It is suggested in this appeal that the case should be remanded for additional findings. However, it has been observed that posttrial reconstruction of the record will not suffice to show a valid waiver. *Saadya,* 750 F.2d at 1422 ("A defendant's waiver of his right to jury trial must appear on the record prior to the time the trial commences. The absence of a waiver on the record of the right to trial by jury cannot be remedied by subsequent proceedings on remand."). The court in *Saadya* ordered reversal, rather than a remand for additional findings. The court first noted "that not only did [the defendant] fail to make a written waiver or an oral waiver in open court, but the record also fails to reflect the approval of any waiver by the district judge." *Id.* at 1421. The court then stated:

> In [a previous case involving waiver of right to counsel] we said that the limited remand procedure is appropriate only in the exceptional case where other records are in existence which might establish that the waiver was valid.... Here, there is no suggestion that additional relevant records exist. More important, we are not concerned ... with the limited question whether a waiver appearing on the record was knowing and intelligent. Here, there was no waiver on the record at all.

*Id.* at 1422, n. 3.

In assessing a waiver, the court should inquire into the defendant's understanding of the difference between jury and nonjury trials by informing the defendant:

1. Twelve members of the community compose a jury,

2. the defendant may take part in jury selection,

3. jury verdicts must be unanimous, and

4. the court alone decides guilt or innocence if the defendant waives a jury trial.

*See Robertson,* 45 F.3d at 1432. The court "should [also] seek to ascertain whether [the] defendant is under [the] erroneous impression that he or she will be rewarded, by either court or prosecution, for

waiving [a] jury trial." Wright § 372, at 452–53 n. 22.

### IV. *Disposition.*

▮ The failure of counsel to assure compliance with rule 2.17(1) constituted ineffective assistance of counsel. Because the right to a jury trial is so fundamental to our justice system, we conclude this is one of those rare cases of a "structural" defect in which prejudice is presumed. *See McGurk v. Stenberg,* 163 F.3d 470, 474 (8th Cir.1998) ("Despite the 'strong presumption that constitutional errors can be harmless,' we conclude that the denial of a jury trial is a structural error subject to automatic reversal.") (quoting *United States v. Raether,* 82 F.3d 192, 194 (8th Cir.1996)).

▮ In the present case, even though Stallings' attorney might be able to show on remand that Stallings was fully advised concerning his right to a jury trial, there is still no evidence that the court was even included in the waiver process; the record is silent on the matter. As the United States Supreme Court has said, "[w]e cannot presume a waiver of ... important rights [including the right to trial by jury] from a silent record." *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–80 (1969). We reverse and remand for trial to a jury unless that right is properly waived by the defendant.

**REVERSED AND REMANDED.**