# IN THE SUPREME COURT OF IOWA

No. 07–1444

Filed February 6, 2009

**STATE OF IOWA,**

Appellee,

vs.

**JACLYN ROZ KELLER,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

State seeks further review of court of appeals' decision reversing conviction for ineffective assistance of counsel. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Jason B. Shaw, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Daniel J. Rothman, Assistant County Attorney, for appellee.

**PER CURIAM.**

Jaclyn Keller was convicted, following trial to the court on a stipulated record, of operating while intoxicated (OWI), first offense. On appeal, she contends the district court erred in denying her motion to suppress evidence and that her trial counsel was ineffective for failing to assure her jury-trial waiver was knowing, voluntary, and intelligent. The court of appeals concluded the district court did not err in denying Keller's motion to suppress, but found Keller's counsel rendered ineffective assistance by not ensuring that Keller's jury-trial waiver was a voluntary and intelligent waiver in accordance with Iowa Rule of Criminal Procedure 2.17(1). The court of appeals reversed her conviction and remanded for a new trial to a jury unless Keller voluntarily and intelligently waives her right to a trial by jury.

Both parties filed applications for further review. Although this court has authority to consider any issue raised in the appeal, in this case, we limit our review to the jury-trial waiver issue. *See WSH Props., L.L.C. v. Daniels*, ___ N.W.2d ___, ___ (Iowa 2008). Upon the State's request for further review, we now vacate the decision of the court of appeals and affirm the district court judgment.

A trial by jury is required unless the defendant "voluntarily and intelligently waives a jury trial in writing and on the record . . . ." Iowa R. Crim. P. 2.17(1). Rule 2.17 "requires the court to conduct an in-court colloquy with defendants who wish to waive their jury trial rights." *State v. Liddell*, 672 N.W.2d 805, 811–12 (Iowa 2003). Although there is no black-letter rule or checklist by which all jury-trial waivers are judged, this court has previously articulated five subjects of inquiry for which substantial compliance is acceptable to establish "the ultimate inquiry[:] . . . whether the defendant's waiver is knowing, voluntary, and

intelligent."[1]  *Id.* at 814 (citing *State v. Stallings,* 658 N.W.2d 106, 111 (Iowa 2003), *overruled on other grounds by State v. Feregrino,* 756 N.W.2d 700 (Iowa 2008)).

Keller filed a written jury-trial waiver and stipulation to a trial on the minutes of evidence.  None of the areas of inquiry mentioned in *Liddell* and *Stallings* were included in her written waiver.  In addition, there is no record of any personal, in-court colloquy between Keller and the district court that would allow the court to ensure her waiver was knowing, voluntary, and intelligent.  An after-the-fact "certification" by Keller's appellate counsel states a court reporter has indicated that any "waiver of jury trial, stipulation to the minutes and sentencing proceedings were not reported."  Based upon these facts, Keller asserts a rule 2.17(1) violation occurred and supports an ineffective-assistance-of-counsel claim.

To establish an ineffective-assistance-of-counsel claim, a defendant must typically show that (1) counsel failed to perform an essential duty and (2) prejudice resulted.  *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984).  With respect to the first prong of the test, "counsel's performance is measured against the standard of a reasonably competent practitioner, with the

---

[1]In assessing a waiver, the court should inquire into the defendant's understanding of the difference between jury and nonjury trials by informing the defendant that:

> "(1) twelve members of the community compose a jury; (2) the defendant may take part in jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial."

*State v. Stallings,* 658 N.W.2d 106, 110 (Iowa 2003) (quoting *United States v. Robertson,* 45 F.3d 1423, 1432 (10th Cir. 1995)).  "The court 'should [also] seek to ascertain whether [the] defendant is under [the] erroneous impression that he or she will be rewarded, by either court or prosecution, for waiving [a] jury trial.' "  *Id.* at 111 (quoting 2 Charles Alan Wright, *Federal Practice and Procedure* § 372, at 452–53 n.22 (3d ed. 2000)).

presumption that the attorney performed his duties in a competent manner." *Stallings*, 658 N.W.2d at 109. To meet the prejudice prong, the defendant is required to show that, "but for counsel's error, there is a reasonable probability that the results of the trial would have been different." *Id.* The defendant must prove both elements by a preponderance of the evidence. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Keller contends her defense counsel failed to perform an essential duty when he did not challenge her defective waiver of a jury trial and that she was prejudiced as a result.

In *Stallings*, we held that a failure to assure compliance with rule 2.17(1) constituted a breach of duty by trial counsel. *Stallings*, 658 N.W.2d at 112. Moreover, we held that a violation of rule 2.17(1) amounted to "one of those rare cases of a 'structural' defect in which prejudice is presumed," thus requiring reversal and remand for a new trial. *Id.*

We recently reconsidered the analytical underpinning of our *Stallings* opinion. *See Feregrino*, 756 N.W.2d at 707. In *Feregrino*, we held "[t]he fact that the requirements of rule 2.17(1) have not been met does not necessarily mean that a violation of the defendant's right to a jury trial has in fact occurred." *Id.* We noted

> [t]he absence of an oral colloquy or a written waiver does not necessarily prove that a defendant failed to understand the nature of the right waived by proceeding to a non-jury trial. . . .
>
> As a result, whether there has been such an alteration of the fundamental trial framework in violation of the defendant's right to a jury trial depends on the resolution of an antecedent question, namely, whether, notwithstanding the violation of the rule, the defendant knowingly and voluntarily waived his right to a jury trial.

*Id.* at 708. This, we noted, presents a question of historical fact, which, like countless other factual questions, are resolved by our courts every day. *Id.* As a result, we overruled *Stallings* to the extent it held prejudice is presumed in cases involving a deficiency in a jury-trial waiver under rule 2.17(1). Finding the record before us inadequate to determine whether Feregrino was actually prejudiced, we preserved the issue for postconviction relief. *Id.*

Applying these principles to the facts of this case, we conclude defendant has established as a matter of law[2] the first prong of the *Strickland* test: a breach by trial counsel of an essential duty due to counsel's failure to assure compliance with rule 2.17(1). *Stallings*, 658 N.W.2d at 112 (holding as a matter of law that "[t]he failure of counsel to assure compliance with rule 2.17(1) constituted ineffective assistance of counsel"). Due to this noncompliance, we cannot say whether Keller knowingly and intelligently waived her right to a jury trial.

However, because we do not presume prejudice from a failure to comply with rule 2.17(1), Keller must also establish the second prong of the *Strickland* test: prejudice. Under our ineffective-assistance-of-counsel rubric, in order to establish the prejudice prong, Keller must prove by a preponderance of the evidence that, but for counsel's failure to assure compliance with the rule, she would not have waived her right to a jury trial. *Cf. Straw*, 709 N.W.2d at 136 (applying, in guilty-plea case, *Strickland* ineffective-assistance-of-counsel prejudice element requiring defendant to show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). As in

---

[2]Because this ineffective-assistance-of-counsel claim comes to us on a direct appeal from the defendant's criminal trial, there has not yet been a hearing to develop an evidentiary record on this claim. Consequently, we determine whether the defendant has established the elements of her ineffective-assistance claim as a matter of law. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

*Feregrino*, this issue cannot be resolved on direct appeal; an evidentiary hearing is necessary. For this reason, we preserve Keller's ineffective-assistance-of-counsel claim for postconviction relief.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

This opinion shall be published.