**IN THE COURT OF APPEALS OF IOWA**

No. 13-1015
Filed May 14, 2014

**LEROY D. JOHNSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Richard D. Stochl, Judge.

Leroy Johnson appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Kathryn J. Mahoney, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Doyle and Mullins, JJ. Bower, J., takes no part.

**VOGEL, P.J.**

Leroy Johnson appeals the district court's denial of his postconviction-relief application, asserting the district court erred in finding trial counsel was not ineffective. Because we find the case upon which Johnson relies is no longer good law, and Johnson cites no other authority supporting his assertion of a structural defect, we affirm.[1]

On November 7, 2003, following a bench trial, Johnson was convicted of robbery in the first degree, burglary in the first degree, willful injury, and criminal mischief in the fifth degree. Johnson had filed a written waiver of his right to a jury trial on September 15, 2003. A hearing was conducted the same day to ensure the waiver was voluntary and intelligent.

On September 17, the court again reviewed the status of the waiver and conducted an additional colloquy, advising Johnson of his right to a jury trial and the rights he was giving up as a result of the waiver. During the second hearing, the court inquired whether the waiver met the requirements of *State v. Stallings*, and both the State and defense counsel confirmed the waiver satisfied its requirements. Additionally, during the waiver hearing on January 15, 2003, defense counsel stated:

> I can let the Court know that we have talked, him and I, for a couple months now about waiving a jury and he's been in favor of that after him and I discussed the pros and cons of each situation since that time, and he was also in favor of it again this morning and so we've elected to waive the jury, although it's clearly his decision.

---

[1] Although the State asserts we should dismiss the appeal given the fact Johnson cited only invalid legal precedent, we choose to review it on the merits.

A direct appeal followed Johnson's conviction, which was denied as frivolous. On August 23, 2005, Johnson filed a pro se application for postconviction relief. Prior to the hearing on the application, counsel was appointed, and an amended application was filed. The new application alleged trial counsel was ineffective for failing to pursue a diminished responsibility defense and for improperly advising Johnson to waive his right to a jury trial. A hearing was held on June 12, 2012, and the application was denied on June 20, 2013. Johnson appeals the denial of his claim that trial counsel was ineffective for failing to ensure the procedural requirements of *Stallings* were met, and consequently, that Johnson knowingly and voluntarily waived his right to a jury trial.

We review ineffective assistance of counsel claims de novo. *State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001). To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Johnson relies on *State v. Stallings*, 658 N.W.2d 106 (Iowa 2003), for the proposition that trial counsel failed in an essential duty by not ensuring the procedural requirements of *Stallings* were met.[2] However, *Stallings* was

---

[2] The *Stallings* court stated that:
> In assessing a waiver, the court should inquire into the defendant's understanding of the difference between jury and nonjury trials by informing the defendant:
> 1. Twelve members of the community compose a jury,
> 2. the defendant may take part in jury selection,
> 3. jury verdicts must be unanimous, and
> 4. the court alone decides guilt or innocence if the defendant waives a jury trial.

overruled in part by *State v. Feregrino*, 756 N.W.2d 700 (Iowa 2008). Specifically, *Feregrino* held: "The holding in *Stallings* that prejudice is presumed in cases involving a deficiency in a jury-trial waiver under rule 2.17(1) is overruled." *Id.* at 708. Johnson cites no other authority supporting his claim of trial counsel's alleged failure for not pursuing a suspected structural defect in the jury waiver process. Moreover, the record is clear Johnson understood his right to a jury trial, and that his waiver was knowing and voluntary. Consequently, we conclude counsel did not breach an essential duty, and we affirm the district court's denial of his application for postconviction relief.

**AFFIRMED.**

---

The court "should [also] seek to ascertain whether [the] defendant is under [the] erroneous impression that he or she will be rewarded, by either court or prosecution, for waiving [a] jury trial." Wright § 372, at 452–53 n.22.

*Stallings*, 658 N.W.2d at 111–12; *see also State v. Liddell*, 672 N.W.2d 805, 814 (Iowa 2003) (noting the *Stallings* requirements "are not 'black-letter rules' nor a 'checklist' by which all jury-trial waivers must be strictly judged"). Johnson's specific claim alleges his waiver failed to meet the second requirement, that is, that he be informed the defendant may take part in jury selection.