# IN THE COURT OF APPEALS OF IOWA

No. 14-1716
Filed November 25, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**SCOTT ANTHONY SAPPINGFIELD,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Sioux County, Jeffrey L. Poulson,

Judge.


     A defendant appeals his conviction, judgment, and sentence for operating

while intoxicated, third or subsequent offense.  **AFFIRMED.**


     Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, Kevin Cmelik and Mary A. Triick,

Assistant Attorneys General, for appellee.


     Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Scott Sappingfield appeals from his conviction, judgment, and sentence entered upon a jury verdict finding him guilty of operating a motor vehicle while under the influence of a drug, third or subsequent offense, in violation of Iowa Code section 321J.2 (2013). Sappingfield contends there is insufficient evidence to support his conviction because the State failed to establish (1) he was impaired by a drug and (2) he operated a motor vehicle while impaired. He also claims his trial counsel was constitutionally ineffective for allowing him to stipulate to having been previously convicted of operating while intoxicated three times. Upon our review, we affirm.

## I.    Background Facts and Proceedings

On July 30, 2013, at approximately 10:30 a.m., authorities were notified of a suspicious vehicle parked at the end of an overgrown, dead-end country road near Chatsworth. The vehicle was parked horizontally across the road, up against an embankment where a bridge had been removed. Sappingfield was in the driver's seat, leaning against the back rest with his legs outside of the car through the open driver's-side door.

An ambulance had arrived at the scene because the call to police had indicated Sappingfield was unconscious, but Sappingfield denied any need for medical attention. Hawarden Police Chief Michael DeBruin arrived at the scene, and Sappingfield told the chief he had just gotten off work and was heading home to Newcastle, Nebraska from work in Dakota City, Nebraska. When DeBruin told Sappingfield he was about five miles south of Hawarden,

Sappingfield then stated that he was supposed to go fishing with his son nearby and then see his daughter in Larchwood. DeBruin testified that during this conversation, Sappingfield appeared impaired—his speech was confused, his mouth was dry, he had unusual facial and head movements, and his balance was unsteady. Sappingfield appeared confused and did not know what day of the week it was. DeBruin did not smell alcohol on Sappingfield.[1]

Sioux County Deputy Tony Reitsma then arrived on the scene. Reitsma tried to determine why Sappingfield was parked in such an unusual spot. Sappingfield's speech was slurred and mumbled, but he admitted he drove the vehicle to the location. Sappingfield told Reitsma that he had just gotten off a graveyard shift at work and was headed home and then planned to meet his son to go fishing. Sappingfield stated he had been working a stretch of graveyard shifts, became tired on his way to meet up with someone, and stopped his vehicle to take a nap. Sappingfield appeared impaired to Reitsma—he had erratic arm, head, and eye movements, and appeared to focus on blinking. Reitsma noted that Sappingfield's pants were undone while he was seated in his car, so Reitsma asked him to stand up and tie his pants. Sappingfield stood up but needed to be reminded to tie his pants.

Reitsma then attempted to conduct several field sobriety tests but was limited in part by Sappingfield's physical impairments unrelated to his

---

[1] DeBruin found a cold, unopened can of a flavored alcoholic beverage in Sappingfield's car.

intoxication.[2] Sappingfield was unbalanced when stepping out of his vehicle so Reitsma conducted the finger-to-nose test, an eye gaze nystagmus test, and a preliminary breath test. Reitsma testified Sappingfield did not smell of alcohol and the breath test did not indicate a presence of alcohol in Sappingfield's system. Reitsma testified Sappingfield exhibited involuntary eye muscle movement, heavy blinking, and a lack of concentration, though he did not exhibit nystagmus. Based upon his observations and interactions with Sappingfield, Reitsma believed Sappingfield was chemically impaired rather than simply tired and requested that Sappingfield complete a drug recognition evaluation. Sappingfield agreed and was transported to the Sioux County Sheriff's Office.

Sioux County Deputy Caleb Haverdink, a certified drug recognition expert trained to recognize seven categories of drugs in someone rather than one particular drug, conducted the drug recognition examination with Sappingfield. The examination consists of a twelve-step process, which includes standardized and other field sobriety tests, checking vital signs, and an interview, to determine whether a person is at a level of impairment in which it is unsafe to operate a motor vehicle. Haverdink began the examination by invoking implied consent and requesting a urine sample from Sappingfield, which Sappingfield refused. Haverdink testified he asked Sappingfield about any physical impairments or disabilities and took them into account when conducting the examination.

---

[2] Sappingfield showed Reitsma visible scars on one of his feet from a surgical procedure, despite not having been requested to do so. Sappingfield told Reitsma that he needed a cane in order to maintain balance. He had two walking canes in his vehicle.

Haverdink testified Sappingfield was hesitant to participate in the tests but proceeded through the examination.[3]

Haverdink testified the drug recognition examination is designed to consider all of the individual tests as a whole, rather than independently, to determine whether someone is under the influence of a drug or a drug combined with alcohol. Haverdink testified that based upon the evaluation, his observations of Sappingfield, and talking with the officers who were at the scene, he concluded Sappingfield was under the influence of stimulants and, consequently, unsafe to operate a motor vehicle.

---

[3] Haverdink conducted both horizontal and vertical gaze nystagmus tests, which did not indicate that any depressants, inhalants, or dissociative anesthetics were affecting Sappingfield's body. Followed by a lack-of-convergence test, which tested Sappingfield's ability to cross his eyes, and Haverdink noted that Sappingfield's eyes failed to converge. Haverdink next conducted standardized field sobriety tests, including the Romberg balance test, which required Sappingfield to close his eyes and notify Haverdink when thirty seconds had passed. The Romberg balance test typically requires that the subject stand and exhibit his ability to balance with his head tilted back and eyes closed. However, because Sappingfield had balancing difficulties due to physical disabilities, he performed the test while sitting in a chair. Sappingfield appeared to fall asleep, snored, and woke up, stopping the test at nineteen seconds. Sappingfield told Haverdink he believed twenty-two to twenty-five seconds had passed within that time. Sappingfield requested that the Romberg test be repeated and stopped the clock at twenty-six seconds. The next tests in the process are typically the walk-and-turn test and the one-leg-stand test, however, due to Sappingfield's physical disabilities, he was unable to perform these tests. Next, Haverdink had Sappingfield participate in the finger-to-nose test. Haverdink testified Sappingfield performed poorly on this test, exhibiting impairment. Haverdink then checked Sappingfield's blood pressure, his pulse, and his body temperature, concluding that his pulse rates were accelerated outside of the normal range. Haverdink next conducted another eye examination, which measured Sappingfield's pupils and their reaction to light. Haverdink observed Sappingfield's pupils to be of normal size and range, but they were slow to react to the light, bloodshot, and watery. Next, Haverdink checked Sappingfield's muscle tone and concluded it was near normal. Haverdink then checked for injection sites or marks, signs of ingestion through smoking or eating, or signs of inhaling or snorting drugs. He found Sappingfield was missing teeth and had heat bumps on his tongue, which Haverdink testified can only be caused by smoking a drug. He further found red dots on the inside of Sappingfield's elbow that were consistent with track marks or injection sites. Haverdink finished the examination by interrogating Sappingfield.

Video evidence of Sappingfield corroborated the officers' testimony, showing his lack of balance, confusion, fidgeting, continuous movement, mumbling, slurred speech, and inability to listen to instructions or understand the instructions well.

On August 12, 2013, the State filed a trial information charging Sappingfield with one count of operating while intoxicated, third or subsequent offense, a class "D" felony, in violation of Iowa Code section 321J.2. Sappingfield entered a plea of not guilty and waived his right to a speedy trial. Subsequently, Sappingfield moved to suppress incriminating statements he made during the drug recognition evaluation, which the district court granted.

On July 16, 2014, a jury convicted Sappingfield of operating while intoxicated. Sappingfield admitted to the court he had been previously convicted of driving under the influence, first offense, in Dixon County, Nebraska, on October 14, 2003; operating while intoxicated, second offense, in Woodbury County, Iowa, on August 19, 2005; and driving under the influence, first offense, in Dixon County, Nebraska, on February 12, 2013. He further admitted he was represented by counsel during each conviction. Following trial, Sappingfield filed a combined motion for judgment of acquittal and motion for new trial, which the district court denied.

The district court sentenced Sappingfield to an indeterminate term not to exceed five years with all but thirty days suspended, placed him on probation for two years, fined him $3125, plus surcharges and court costs, and revoked his driver's license and driving privilege for a period of six years. The court also

ordered Sappingfield to complete a substance abuse evaluation, any recommended treatment, and the Drinker Driver School. This appeal followed.

## II. Scope and Standard of Review

A motion for judgment of acquittal is a means of challenging the sufficiency of the evidence, and we review such claims for correction of errors at law. *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010). If the jury's verdict is supported by substantial evidence, we will uphold a finding of guilt. *Id.* "Substantial evidence" is evidence that would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.* In making this determination, we consider all the evidence, not just the evidence supporting the verdict. *Id.* We view the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record. *Id.* At trial, the State must prove every element of the crime charged beyond a reasonable doubt. *State v. Gibbs*, 239 N.W.2d 866, 867 (Iowa 1976). The State's evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture. *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981). In weighing the evidence, direct and circumstantial evidence are equally probative. Iowa R. App. P. 6.904(3)(p).

We review claims of ineffective assistance of counsel de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). An ineffective-assistance-of-counsel claim may be raised and decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2), .7(3). Generally, an ineffective-assistance claim is preserved for possible postconviction-relief

proceedings where a more thorough record can be developed and where counsel is given an opportunity to explain his or her conduct. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

## III. Analysis

### A. Sufficiency of the Evidence

A person commits the offense of operating while intoxicated if the person operates a motor vehicle "[w]hile under the influence of an alcoholic beverage or other drug or a combination of such substances." Iowa Code § 321J.2(1)(a). The jury in this case was instructed that "[a] person is 'under the influence' when, by ingesting drugs," any of the following is true: (1) the person's "reason or mental ability has been affected"; (2) "[h]is judgment is impaired"; (3) "[h]is emotions are visibly excited"; or (4) the person "has, to any extent, lost control of bodily actions or motions."

Sappingfield argues the State failed to present sufficient evidence to support his conviction because it failed to establish (1) he was impaired by a drug and (2) he operated a motor vehicle while impaired.[4]

---

[4] The State contends Sappingfield failed to preserve error by not raising this second claim in his motion for judgment of acquittal at trial. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal."). Trial counsel for Sappingfield moved for a judgment of acquittal at the close of the State's case but failed to specifically raise this claim. Therefore, it was not preserved for our review. Anticipating this argument, Sappingfield asks us to consider his sufficiency claim under the guise of ineffective assistance of counsel. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). Thus, we will consider Sappingfield's challenge to the sufficiency of the evidence on this claim within the context of his ineffective-assistance-of-counsel claim.

The State asserts Sappingfield was confused, his speech was slurred and mumbled, and his bodily movements were impaired. Officers testified at trial that Sappingfield did not know where he was and gave inconsistent accounts of where he was headed when he pulled off on the dead-end road and fell asleep. They further testified that based upon their training and experience, they determined Sappingfield was impaired. One officer with extensive training in recognizing whether a person is under the influence of drugs testified he conducted a drug recognition examination and concluded Sappingfield was under the influence of a stimulant and unable to safely operate a motor vehicle. The State further presented evidence that Sappingfield refused to provide a urine sample for chemical testing. The jury heard this evidence, watched video evidence of how Sappingfield's vehicle was parked on the road, watched his demeanor on video and his performance in field sobriety tests and the drug recognition examination, and observed his demeanor during trial, to which we give deference. *See State v. Jennings*, 195 N.W.2d 351, 357 (Iowa 1972). The jury found Sappingfield guilty of operating a vehicle while under the influence of a drug.

Viewing the evidence in a light most favorable to the verdict, including all reasonable inferences that may be deduced from the record, we determine substantial evidence existed for the jury to find Sappingfield operated a motor vehicle while under the influence of a drug, in violation of Iowa Code section 321J.2(1)(a).

*B. Ineffective Assistance of Counsel*

To succeed on a claim of ineffective assistance of counsel, Sappingfield must show by a preponderance of the evidence: "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Thorndike*, 760 N.W.2d at 320 (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord. Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either prong is fatal to the claim. *State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006). "Under the first prong, 'we measure counsel's performance against the standard of a reasonably competent practitioner.'" *Thorndike*, 760 N.W.2d at 320 (quoting *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012)). "[C]laims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001). In examining Sappingfield's claims, we presume his trial attorney performed his duties competently. *See Thorndike*, 760 N.W.2d at 320.

Sappingfield argues his trial counsel was ineffective in failing to challenge the sufficiency of the evidence as to whether Sappingfield operated a motor vehicle while under the influence of a drug in his motion for judgment of acquittal. He further contends trial counsel was constitutionally ineffective because counsel did not ensure a valid waiver of Sappingfield's right to a jury trial on his prior convictions.

### 1. Insufficient Evidence of Operating the Motor Vehicle

The record is adequate for us to address Sappingfield's claim of ineffective assistance for failure to raise a claim of insufficient evidence on motion for judgment of acquittal. *See Truesdell*, 679 N.W.2d at 616 ("A claim of ineffective assistance of trial counsel based on the failure of counsel to raise a claim of insufficient evidence to support a conviction is a matter that normally can be decided on direct appeal."). "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (quoting *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011)). Thus, we must first consider whether there is any merit to the issue Sappingfield claims his trial counsel should have raised. *See State v. Westeen*, 591 N.W.2d 203, 207 (Iowa 1999). "[I]f the record in this case fails to reveal substantial evidence to support the convictions, counsel was ineffective for failing to properly raise the issue and prejudice resulted." *Truesdell*, 679 N.W.2d at 616. If, however, "the record reveals substantial evidence, counsel's failure to raise the claim of error could not be prejudicial." *Id.*

Sappingfield admitted to officers at the scene he had been driving the vehicle and the video shows him acknowledging he drove to that location. The caller reported Sappingfield was unconscious in the driver's seat where chief DeBruin found him. Reitsma testified he did not see anyone else nearby who would have driven the vehicle to its location. Further, Sappingfield's car was found parked horizontally across the end of an overgrown, dead-end road, used only to access a farm. Sappingfield did not know where he was parked, and he

was not near where he told officers he was headed. The State presented evidence that Sappingfield had not been parked there long. Sappingfield told the officers he had just gotten off of a graveyard shift and was headed home when he decided to pull over and take a nap. Officers testified they found a cold can of a flavored alcoholic beverage in his car despite the warm weather at the end of July. When considering these facts in the light most favorable to the State, we find there was sufficient evidence of Sappingfield's operation of the vehicle while he was under the influence of a drug. Therefore, his attorney was not ineffective in failing to make the sufficiency challenge in his motion for judgment of acquittal. *See State v. Hochmuth*, 585 N.W.2d 234, 238 (Iowa 1998) (finding counsel was not ineffective in "failing to pursue a meritless issue").

### 2. Prior Convictions

We find the record is inadequate for us to address on direct appeal Sappingfield's claim trial counsel did not ensure a valid waiver of his right to a jury trial on his prior convictions. Sappingfield asserts the district court failed to inform him of his right to a jury trial on his prior convictions and failed to obtain a written knowing and voluntary waiver of that right. *See State v. Kukowski*, 704 N.W.2d 687, 691 (Iowa 2005) ("When a defendant faces a charge that imposes an enhanced penalty for prior convictions, our law, in turn, imposes a two-stage trial.") (citing Iowa R. Crim. P. 2.19(9)); *see State v. Stallings*, 658 N.W.2d 106, 111 (Iowa 2003) (holding rule 2.17(1) (*trial by jury*) requires both a written waiver and an in-court colloquy to ensure a proper waiver of the right to a jury trial); *see also State v. Liddell*, 672 N.W.2d 805, 812 (Iowa 2003) (holding rule 2.17(1)

requires some in-court colloquy between the district court and the defendant "to assure the defendant's waiver is knowing, voluntary, and intelligent"). These failures, he contends, demonstrate trial counsel breached an essential duty and prejudice resulted.

The record before us reveals Sappingfield understood he would be subject to an increased period of incarceration when he affirmed in open court that he was the person previously convicted of three prior convictions of operating a motor vehicle while under the influence of a drug. *See* Iowa R. Crim. P. 2.19(9).[5] However, it is unclear from the record whether Sappingfield had "an adequate grasp of the implications of his . . . stipulation" by addressing issues such as "the mandatory minimum and maximum possible punishments, and the defendant's trial rights." *See State v. Bourrage*, No. 11-1412, 2012 WL 4101771, at *6 (Iowa Ct. App. Sept. 19, 2012). Sappingfield's trial counsel may have discussed these implications with Sappingfield "to ensure that the affirmation [was] voluntary and intelligent," *Kukowski*, 704 N.W.2d at 692, but it is not in the record before us. Therefore, we preserve this issue for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding that if a claim of ineffective assistance of counsel cannot be addressed on appeal because of

---

[5] Iowa Rule of Criminal Procedure 2.19(9) sets forth the procedure to be followed when a defendant faces an enhanced sentence when previous convictions are alleged:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more prior convictions which by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel.

an inadequate record, the court must preserve it for postconviction-relief proceedings even if it is raised in a general or conclusory manner).

## IV.    Conclusion

Upon our review, we find the State presented sufficient evidence to support the jury's verdict finding Sappingfield guilty of operating a motor vehicle while under the influence of a drug.  We further find Sappingfield's trial counsel was not ineffective in failing to challenge the sufficiency of the evidence as to whether Sappingfield operated a motor vehicle while under the influence of a drug in his motion for judgment of acquittal.  Regarding Sappingfield's claim that his trial counsel was ineffective for failing to ensure a valid waiver of Sappingfield's right to a jury trial on his prior convictions, we find the record is inadequate and preserve the issue for possible postconviction-relief proceedings.

**AFFIRMED.**