# IN THE COURT OF APPEALS OF IOWA

No. 17-0461
Filed March 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FELIX CECIL MCELROY,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.


        Felix Cecil McElroy appeals his conviction for failure to comply with sex offender registry requirements, second offense.  **AFFIRMED.**


        Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General


        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Felix Cecil McElroy appeals his conviction for failure to comply with sex offender registry requirements, second offense, in violation of Iowa Code section 692A.105 and 692A.111 (2016). We find the evidence is sufficient to support a conviction. We also find McElroy's trial counsel was effective. We affirm the district court.

## I. Background Facts and Proceedings

McElroy was required to register as a sex offender. McElroy provided his address to the Iowa Department of Public Safety as 1118 2nd Ave. S.W. Apt. 11, an apartment complex, in Waverly, Iowa. Sergeant Paul Leisinger of the Waverly Police Department and Bremer County Deputy Sheriff Aaron Booth received information indicating McElroy was not staying at his reported residence. Deputy Booth went to McElroy's address.

The apartment complex was comprised of two buildings, 1118 and 1120. McElroy stated he resided in 1118, but a document listing his residence put his address in the 1120 building. Deputy Booth spoke with the landlord's wife, who agreed McElroy's apartment was in 1120. Deputy Booth placed tape near the bottom of the apartment door, marked the location of the tape, and photographed it. The landlord, Mr. Swinton, testified he witnessed Deputy Booth place the tape on the correct apartment door. Deputy Booth returned to McElroy's residence

five of the next seven days, and the tape remained unaltered.[1] Deputy Booth then filed a criminal complaint and obtained a warrant for McElroy's arrest.

On June 12, 2016, McElroy was arrested by Waterloo Police Officer Jeff Dugan. The State filed a trial information on June 23 charging McElroy with failure to comply with the sex offender registry. McElroy pleaded not guilty and waived his right to a jury trial. Trial began January 27, 2107, McElroy was found guilty the same day, and on March 10, he was sentenced to five years in prison with a suspended $750 fine. McElroy now appeals.

## II. Standard of Review

Claims that evidence is insufficient are reviewed for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (quoting *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012)). We consider the entirety of the record in the light most favorable to the State, and the verdict will be upheld if it is supported by substantial evidence. *See id*. "Evidence that could convince a trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt is substantial evidence." *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996)

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id*. at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney

---

[1] Iowa Code section 692A.105 requires a registered sex offender to notify, in person, the county sheriff if he or she will be away from their principal residence for more than five days.

performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991).

### III. Sufficiency of Evidence

McElroy first claims the evidence is insufficient. McElroy points to discrepancies in the testimony of Sergeant Leisinger, Deputy Booth, and Swinton as indications their testimony was unreliable and could not support a guilty verdict. McElroy claims a reasonable trier of fact would have taken the inconsistencies into account and concluded there was reasonable doubt.

Swinton testified he served McElroy with an eviction notice but Swinton had not begun eviction proceedings against McElroy. Instead, Swinton had served McElroy with a notice of late rent witnessed by Sergeant Leisinger, although they did not agree on the exact date. McElroy claims this undermines Swinton's claim he had not seen McElroy for more than five days. However, Swinton's testimony on the issue of McElroy's presence in the apartment was unwaveringly certain. We find Swinton's and Sergeant Leisinger's testimony, while not perfect, was credible.

McElroy claims Deputy Booth's testimony "was clearly confusing and should have raised a reasonable doubt that he had actually been surveilling the correct apartment." Deputy Booth testified he did not verify the apartment's address by checking the mailboxes and was uncertain if the two buildings had different numbered apartments. However, Deputy Booth spoke to Swinton, the landlord, and his wife when verifying which apartment was McElroy's. We find a rational trier of fact could find Deputy Booth surveilled the correct apartment.

McElroy's vehicle was found in the parking lot of the apartment complex. Deputy Booth testified he was familiar with the vehicle and that it had been continuously parked in the same lot. An investigator hired by McElroy testified and presented photographs showing the vehicle had food, personal items, and a blanket and pillow inside. McElroy claims the district court should have found this raised reasonable doubt that McElroy was living in his vehicle at the address he reported. We find the presence of McElroy's car at the apartment complex does not automatically raise reasonable doubt, especially in the context of the full record. Therefore, we find the evidence was sufficient.

## IV. Ineffective Assistance

McElroy next claims trial counsel was ineffective by allowing him to waive his right to a jury trial. McElroy claims the district court's colloquy was insufficient and resulted in an unknowing, involuntary, and unintelligent wavier of his right to a jury trial. After the wavier, both in writing and on the record, McElroy proceeded to a bench trial.

In order to ensure a waiver of right to a jury trial is knowing, voluntary, and intelligent,

> the court should inquire into the defendant's understanding of the difference between jury and nonjury trials by informing the defendant:
>  1. Twelve members of the community compose a jury,
>  2. the defendant may take part in jury selection,
>  3. jury verdicts must be unanimous, and
>  4. the court alone decides guilt or innocence if the defendant waives a jury trial.

*State v. Stallings,* 658 N.W.2d 106, 111 (Iowa 2003), *overruled on other grounds* by *State v. Feregrino*, 756 N.W.2d 700 (Iowa 2008). The district court should

also "ascertain whether [the] defendant is under [the] erroneous impression that he or she will be rewarded, by either court or prosecution, for waiving [a] jury trial." *Id.* McElroy does not allege he was under a mistaken impression he would be rewarded for waving his right to a jury trial; he only claims the district court did not ascertain whether he believed he would be rewarded for waiving his right to a jury trial.

Our supreme court has found "these five subjects of inquiry are not 'black-letter rules' nor a 'checklist' by which all jury-trial waivers must be strictly judged. They merely point towards a knowing, voluntary, and intelligent waiver. The ultimate inquiry remains the same: whether the defendant's waiver is knowing, voluntary, and intelligent." *State v. Liddell*, 672 N.W.2d 805, 814 (Iowa 2003). The district court need not exactly abide by the suggested inquiries and substantial compliance is acceptable. *See id.*

We find the district court substantially complied with the requirements to establish a knowing, voluntary, and intelligent waiver of the right to a jury trial. Therefore, we find there was no breach of duty as any objection would have been meritless. *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). Because McElroy failed to prove a breach of duty we need not determine if there was prejudice. We affirm the district court.

**AFFIRMED.**