# IN THE COURT OF APPEALS OF IOWA

No. 22-1793
Filed April 24, 2024

**SIOBHAN NICOLE FOSTER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Stacy Ritchie, Judge.

Siobhan Foster appeals the district court's denial of her application for postconviction relief. **AFFIRMED.**

Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**BOWER, Chief Judge.**

Siobhan Foster appeals the district court's denial of her application for postconviction relief (PCR). She claims there was not a sufficient factual basis for her guilty plea and her trial counsel was ineffective in failing to file a motion in arrest of judgment. Upon our review, we affirm.

## I. *Background Facts and Proceedings*

In 2020, a search warrant was executed on Foster's home. At the time of the search, Foster and her three minor children were present. During the search, law enforcement located multiple controlled substances. Foster was arrested, and her children were removed from her care. A hair sample taken from one of Foster's children tested positive for methamphetamine.

Foster pleaded guilty to neglect or abandonment of a dependent person, possession of marijuana, and child endangerment. She later filed a PCR application, alleging ineffective assistance of counsel. The matter proceeded to trial, and the district court denied Foster's application. Foster appeals. Additional facts will be set forth below as relevant to her claims on appeal.

## II. *Standard of Review*

"Postconviction relief proceedings are actions at law and are reviewed on error." *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998). "However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Accordingly, "we review claims of ineffective assistance of counsel de novo." *Id.*

### III.    Discussion

To establish ineffective assistance of counsel, an applicant must show "(1) counsel failed to perform an essential duty and (2) prejudice resulted." *State v. Keller*, 760 N.W.2d 451, 452 (Iowa 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma*, 626 N.W.2d at 142.

"A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). "[We] must only be satisfied that the facts support the crime, 'not necessarily that the defendant is guilty.'" *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (quoting 1A Charles Alan Wright, Federal Practice and Procedure § 174, at 199 (1999)). The factual basis need only be minimally sufficient. *State v. Velez*, 829 N.W.2d 572, 576, 581 (Iowa 2013) ("We note that the 'record does not need to show the totality of evidence to support a guilty conviction, but it need only demonstrate the facts that support the offense.'" (internal citations omitted)).

For the charge of child endangerment, the State was required to prove:

> [a] person who is the parent, guardian, or person having custody or control over a child or a minor under the age of eighteen with a mental or physical disability, or a person who is a member of the household in which a child or such a minor resides, commits child endangerment when the person does any of the following:
> a. knowingly acts in a manner that creates a substantial risk to a child or minor's physical or emotional health or safety.

*See* Iowa Code § 726.6(1)(a) (2020).

This section "requires a showing of substantial risk to a child's physical health or safety. It does not require proof that the conduct was negligent or reckless, although such actions may create a substantial risk." *State v. Anspach*, 627 N.W.2d 227, 232 (Iowa 2001). The State need not prove the physical risk to a child's health or safety is likely; a real or articulable risk will suffice. *Id.* at 232–33.

For the charge of neglect or abandonment of a dependent person, the State was required to prove:

> A person who is the father, mother, or some other person having custody of a child, or of any other person who by reason of mental or physical disability is not able to care for the person's self, who knowingly or recklessly exposes such person to a hazard or danger against which such person cannot reasonably be expected to protect such person's self or who deserts or abandons such person, knowing or having reason to believe that the person will be exposed to such hazard or danger.

*See* Iowa Code § 726.3.

Foster challenges the factual basis supporting her guilty pleas to those charges.[1] Foster claims the record fails to show she used any controlled substance in the presence of her minor children or in a manner which would place the children at risk of harm. She further contends there is no evidence to show she exposed the children to methamphetamine. Foster claims "the mere presence of methamphetamine behind the cabinet in [her] locked bedroom, to which [the child] did not have access is not sufficient proof that [the child] was exposed to methamphetamines . . . ."

---

[1] Foster does not challenge her guilty plea to possession of marijuana.

The State counters Foster's ineffective-assistance-of-counsel claims do not pass the prejudice prong. The State further alleges "Foster [made] no attempt to demonstrate that she more likely than not would not have pleaded guilty." *See State v. Myers*, 653 N.W.2d 574, 578–79 (Iowa 2002) ("Myers failed to prove, or even assert, that there was a reasonable probability that, 'but for counsel's error[], [s]he would not have pleaded guilty and would have insisted on going to trial.'" (alterations in original)). The State points out the drawer in which Foster stored her drugs "was able to be opened by detectives while in the locked position, rendering the lock useless."

The minutes of testimony state Foster lived with her children, kept unsecured methamphetamine in her house, and smoked methamphetamine in her house when her children were present. The record shows the cabinet, in which the controlled substances were found, was unlocked and movable by a child. Additionally, a plastic bag containing methamphetamine was located behind the cabinet and accessible by a child. Foster's oldest child reported methamphetamine and marijuana were used in the home while she was present.

On this issue, the district court found:

> [With regard to the offense of neglect of a dependent person, t]he court now finds that the written guilty plea and the minutes of testimony, by a preponderance of the evidence, provide facts that support that [Foster] is the mother of [the youngest child], that [the youngest child] was a child residing with [Foster] at the time of the offense, that [Foster] possessed and used methamphetamine in a way that exposed [the youngest child] to the hazard of methamphetamine from which he could not protect himself.
> [Foster] now contends that [the youngest child] could have been exposed by several other persons during that ninety-day period prior to the collection of his hair sample. However, as noted earlier, extraction of a complete confession is not necessary for a factual basis to be established.

. . . .

       [With regard to the offense of child endangerment, t]he guilty plea and the minutes of testimony show that [middle] child[]'s bedroom was in the basement of the residence with [the oldest child]. [Foster] acknowledged that she was aware that [the oldest child] was taking marijuana from her stash and using it. The minutes of testimony further indicate that multiple items of paraphernalia used to smoke marijuana were located in [the oldest child]'s room. While [Foster] denied using illegal narcotics around her children, the accessibility of the drugs to one of her children and the positive tests of two of her children for methamphetamine indicate that [Foster] did not successfully shield her children from her possession and usage of illegal narcotics. These facts provide a nexus between the drug use and the creation of a substantial risk of harm to the [middle] child . . . . The court finds there is a factual basis established for this offense.

Upon our de novo review of the record, we agree the record contains a sufficient factual basis for Foster's guilty pleas to the two challenged counts. We affirm the court's denial of Foster's PCR application.

       **AFFIRMED.**