# IN THE COURT OF APPEALS OF IOWA

No. 15-0032
Filed July 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDREW WILLIAM SCHLACHTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hardin County, Paul B. Ahlers, District Associate Judge.

        A defendant appeals from his sentence following a plea to operating while intoxicated, second offense.  **AFFIRMED.**

        Darrell G. Meyer, Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., Doyle, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Andrew William Schlachter pled guilty to operating while intoxicated (OWI), second offense, pursuant to a plea agreement. The sentencing court entered a sentence exceeding the sentence the State recommended pursuant to the plea agreement. Schlachter's counsel did not object to the State's recommendation, and Schlachter has appealed alleging ineffective assistance of counsel.

## I. Background Facts and Proceedings

Schlachter was initially charged with driving while intoxicated, third offense, and other misdemeanor charges. The plea agreement reached between Schlachter, his counsel, and the State provided as follows.

> State will amend to OWI 2nd
> Δ will plead
> State will recommend 180 days
> all but 30 suspended
> Minimum fine
> Dismiss simples

The State amended the charge to a second-offense OWI. Schlachter entered a written plea of guilty to the amended charge. The plea was accepted by the court. The court asked the State at the sentencing hearing if it had "any evidence, arguments, or recommendations it would like to present." The State responded as follows:

> The State has no evidence to present today. By way of a recommendation, the State is recommending the defendant be sentenced to 180 days in the county jail, but that all but 30 of those days be suspended and he be given a statutory minimum fine of $1,875. Additionally, as part of the plea agreement, the State has agreed to request dismissals of the related simple misdemeanors. Defendant has agreed to pay the costs on those.

The court conducted an inquiry of Schlachter, and he confirmed he agreed to pay the costs on the simple misdemeanors. The court then requested the prosecution proceed. The prosecutor responded by setting out Schlachter's criminal history. The prosecutor's rendition of Schlachter's criminal history was confirmed by his counsel. Schlachter and his counsel were afforded his right of allocution, and Schlachter responded with a detailed statement that was amplified by his counsel. The statements included Schlachter's family situation, his employment history, the importance of his employment, and a rendition of his criminal history. The State made no objection and offered no rebuttal to the statements made. The court immediately pronounced sentence and, in addition to the minimum fine and other matters not relevant to this appeal, committed Schlachter to the director of adult corrections for a period not to exceed two years and ordered mittimus to issue immediately. The court gave reasons for the sentence it had pronounced. Schlachter appeals, alleging the State did not appropriately follow the plea agreement and his counsel was ineffective for failing to object to the prosecutor's rendition of Schlachter's criminal history.

## II. Error Preservation

An ineffective-assistance-of-counsel claim is an exception to the usual requirement of error preservation. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## III. Scope of Review

Claims of ineffective assistance of counsel arising from a failure to object to the breach of a plea agreement are reviewed de novo. *State v. Lopez*, 872 N.W.2d 159, 168 (Iowa 2015). When the record is adequate to determine an

ineffective-assistance-of-counsel claim, it will be decided on direct appeal. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). In this case, the record is adequate to permit us to decide the claim on direct appeal.

## IV. Discussion

To prevail on a claim of ineffective assistance of counsel the claimant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Generally failure to establish either prong precludes relief, but when it is alleged that counsel was ineffective for failing to object to the breach of a plea agreement, the claimant is not required to establish the outcome would have been different. *Lopez*, 872 N.W.2d at 169. A modification of the prejudice element is based on the defendant's right to withdraw a plea if the State has violated the plea agreement. *Id.* A claim of ineffective assistance must overcome the presumption that counsel is competent. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). Counsel is not ineffective for failing to make a meritless claim. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Failure of counsel to object to a prosecutor's breach of a plea agreement is a failure to perform an essential duty within the meaning of the ineffective-assistance-of-counsel claim. *Lopez*, 872 N.W.2d at 169. The ultimate question in this case is whether the prosecutor breached the plea agreement. More specifically, the case under consideration raises the issue of what the prosecutor must say in presenting a plea agreement to the sentencing court. Besides *Lopez*, our supreme court has considered the issue in three other recent cases— *State v. Fannon*, 799 N.W.2d 515 (Iowa 2011); *State v. Bearse*, 748 N.W.2d 211

(Iowa 2008); and *State v. Horness*, 600 N.W.2d 294 (Iowa 1999). In each case cited, the sentencing court imposed a harsher sentence than the sentence proposed in the plea agreement. *Fannon*, 799 N.W.2d at 518; *Bearse*, 748 N.W.2d at 213; *Horness*, 600 N.W.2d at 297. Starting with *Horness*, the court has held it is a prosecutor's obligation to not only recite the recommended sentence but also indicate that it is "worthy of the court's acceptance." 600 N.W.2d at 299-300.

In *United States v. Benchimol*, 471 U.S. 453, 455 (1985), the United States Supreme Court was confronted with a sentencing pursuant to a plea agreement where the prosecutor had made a recommendation but made no efforts to explain the leniency offered in the plea agreement and left the impression of less than enthusiastic support for the leniency recommended. The Court held that unless the plea agreement required the prosecutor to explain the leniency offered or to support it with enthusiasm there was no requirement that he do so. *Benchimol*, 471 U.S. at 456.

In light of *Benchimol*, the State in *Lopez* requested the Iowa Supreme Court reexamine its language in its holdings indicating that the State must indicate that the plea agreement is "worthy of the court's acceptance." *Lopez*, 872 N.W.2d at 179 n.7. The Iowa Supreme Court refused to do so, noting that Federal Rule of Procedure 11 regarding plea agreements is much more elaborate than Iowa Rule of Criminal Procedure 2.10(1). *Id.* Our supreme court did, however, favorably quote *United States v. Cachucha*, 484 F.3d 1266, 1270-71 (10th Cir. 2007), in stating: "While a prosecutor normally need not present promised recommendations to the court with any particular degree of

enthusiasm, it is improper for the prosecutor to inject material reservations about the agreement to which the government has committed itself." *Id.*

An examination of *Horness*, *Bearse*, *Fannon*, and *Lopez* reveals the holdings have been consistent with the cited test set out in *Cachucha*. In each case, the prosecutor made statements that undermined the plea agreement. In *Horness*, the prosecutor referred to a harsher alternative recommendation made by the presentence investigation report (PSI) and detailed facts that would support the PSI's recommendation. 600 N.W.2d at 296-97. In *Bearse*, the prosecutor suggested an alternative recommendation, again as suggested by the PSI, and reminded the court it was not bound to follow the plea agreement. 748 N.W.2d at 216. In *Fannon*, the prosecutor initially recommended consecutive sentences on two felony charges based on "compelling reasons" and then corrected the recommendation to allow the court to determine whether concurrent or consecutive sentences should be entered, which was consistent with the plea agreement. 799 N.W.2d at 518. In *Lopez*, a child abuse case, the prosecutor entered pictures of the victim that reflected the injuries and cross-examined the defendant's witnesses at the sentencing hearing by asking them if they had seen the victim after being injured or the pictures of the injuries. 872 N.W.2d at 161. In each of the cited cases, an appeal was taken, it was concluded the prosecutor had violated the plea agreement, and the plea was set aside. *Lopez*, 872 N.W.2d at 161-62; *Fannon*, 799 N.W.2d at 518; *Bearse*, 748 N.W.2d at 213; *Horness*, 600 N.W.2d at 296.

In a recent Iowa Court of Appeals case, no breach was found when a prosecutor was alleged to have emphasized negative materials, including a

defendant's prior criminal history, but indicated he believed the defendant could make probation. *State v. Frencher*, 873 N.W.2d 281, 285 (Iowa Ct. App. 2015). In the case under consideration, there was no reticence, reluctance, qualification, or hesitation—implicit or explicit—in the prosecutor's recommendation. If a defendant desires the court to be bound by the plea agreement, he has the right to enter a plea conditioned on the court's acceptance of the plea agreement. *See* Iowa R. Crim. P. 2.10.

Otherwise, it is the court's prerogative to determine the appropriate sentence within the terms of the applicable statute based on the information available to it. The information includes the State's recommendation, the plea agreement—if there is one, the defendant's prior record, and the statements of the defendant and his counsel, among other factors. The county attorney did recite Schlachter's criminal record, which is not uncommon when no PSI is available, as was the case in this proceeding. The correct recitation of Schlachter's criminal record was not a distraction from the prosecutor's recommendation, but strengthened it by alerting the court the prosecutor was aware of Schlachter's criminal record and was making the recommendation with that knowledge. Furthermore, we consider it inappropriate and unacceptable that any plea agreement prohibit the court from being advised of a defendant's criminal record at the time of sentencing. To have its sentence set aside because the prosecutor did not advocate for the plea agreement beyond making a clear-cut, unqualified recommendation impinges on the sentencing court's prerogative and responsibility.

In summary, to grant Schlachter the relief he requests, we would be required to conclude (1) the prosecutor breached the plea agreement and (2) counsel was ineffective for failing to object to the breach. We have already stated that a sentencing court has a right to know a defendant's criminal record prior to sentencing. The State's recommendation, whether pursuant to a plea agreement or otherwise, carries with it the State's implicit representation it is "worthy of the court's acceptance." *See Horness*, 600 N.W.2d at 299-300. To conclude otherwise is to question the integrity of the prosecutor. In each case, as set out above, where the prosecutor has been held to have breached the plea agreement, there was something the prosecutor said that implicitly or explicitly undermined the plea agreement. The prosecution in this case did not qualify or impeach its recommendation in any way. The prosecutor alerted the court to the defendant's criminal record and, by doing so, not only informed the court of Schlachter's criminal record, but also alerted the court it was aware of his criminal record and made the straightforward recommendation with full knowledge. There was no reason for defendant's counsel to object to the prosecutor's direct recitation of the plea agreement. Schlachter and his counsel set out the merits of the plea agreement at length without objection or rebuttal from the State. We conclude that the State did not breach the plea agreement, and Schlachter's counsel was not ineffective for failing to object to the State's sentencing recommendation.

**AFFIRMED.**