# IN THE COURT OF APPEALS OF IOWA

No. 17-0679
Filed December 6, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALAN TROY MCDOWELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse,

Judge.


A defendant challenges his conviction and sentence.  **AFFIRMED.**


John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas A. Bakke, Assistant

Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Pursuant to a plea agreement, Alan McDowell pleaded guilty to possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2016). In exchange for his guilty plea, the State agreed to dismiss a second count and recommend a suspended sentence and probation. The district court rejected the joint recommendation and sentenced McDowell to a term of incarceration not to exceed five years. McDowell timely filed this appeal.

McDowell challenges his conviction, contending it should be vacated because the prosecutor breached the parties' plea agreement. McDowell contends the prosecutor breached the parties' plea agreement when the prosecutor referenced McDowell's criminal history at the time of sentencing and contends his plea counsel was ineffective in not objecting to the breach. On de novo review, *see State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015), we conclude the argument is without merit. Plea counsel had no duty to object to counsel's statement because no breach of the plea agreement occurred. The prosecutor referenced the defendant's criminal history to provide context for the sentencing recommendation while at the same time making a strong recommendation for a suspended sentence. *See id.* at 285 (concluding there was no breach where the prosecutor discussed criminal history "only to provide context to the sentencing recommendation"); *see also State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) ("The correct recitation of Schlachter's criminal record was not a distraction from the prosecutor's recommendation, but strengthened it by alerting the court the prosecutor was aware of Schlachter's criminal record and was making the recommendation with that knowledge.").

Indeed, given the defendant's extensive criminal history, which the district court described as "one of the longest criminal records [it had] ever seen going back 30 years," it was necessary for the parties, including the prosecutor, to acknowledge the defendant's criminal history to explain the sentencing recommendation for a suspended sentence.

McDowell also contends the district court abused its discretion in imposing sentence. We review sentences within statutory limits for abuse of discretion. *See State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995). Here the court considered only relevant statutory factors and no impermissible factors in imposing sentence. *See* Iowa Code § 907.5. The court imposed a sentence within the statutory limits. Other than mere disagreement with the sentence, McDowell identifies no abuse of discretion, and we find none. We reject McDowell's challenge to his sentence.

We affirm the defendant's conviction and sentences without further opinion. *See* Iowa Ct. R. 21.26.

**AFFIRMED.**