# IN THE COURT OF APPEALS OF IOWA

No. 18-0555
Filed March 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LONNIE L. RICHARDSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

A defendant appeals his convictions for driving while barred.  **AFFIRMED.**

Michael J. Jacobsma (until withdrawal) of Jacobsma Law Firm, P.C., Orange City, and Judy L. Freking of Judy L. Freking, P.C., Lemars, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Lonnie Richardson was convicted of driving while barred, in violation of Iowa Code sections 321.560 and 321.561 (2017), in two separate proceedings, AGCR016952 and AGCR017100, and sentenced to consecutive sixty-day terms in jail. The offense conduct in AGCR017100 occurred when Richardson drove away from the county courthouse following his trial for driving while barred in AGCR016952. Although the trials occurred at different times, the district court conducted a single sentencing hearing for both offenses. In this direct appeal, Richardson alleges his trial counsel provided constitutionally deficient representation in three respects. First, Richardson claims his counsel failed to ensure Richardson knowingly, intelligently, and voluntarily waived his right to a jury trial in both proceedings. Second, his counsel failed to challenge the sufficiency of the evidence in AGCR016952. Third, his counsel failed to assert a necessity defense in AGCR017100.

We review claims of ineffective assistance of counsel de novo. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003). To establish a claim, a defendant must show counsel failed to perform an essential duty and prejudice resulted. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015). With respect to the first element, "counsel's performance is measured against the standard of a reasonably competent practitioner, with the presumption that the attorney performed his duties in a competent manner." *State v. Keller*, 760 N.W.2d 451, 452 (Iowa 2009) (citation omitted). As to the second element, the defendant must show "but for counsel's error, there is a reasonable probability that the results of the trial would have been

different." *Id.* (citation omitted). Failure to prove either element defeats the claim. *See Liddell*, 672 N.W.2d at 809.

We first address Richardson's claim that his counsel provided ineffective assistance by failing to ensure Richardson knowingly, intelligently, and voluntarily waived his right to trial by jury. Iowa Rule of Criminal Procedure 2.17(1) requires a defendant be tried by jury unless he or she "voluntarily and intelligently waives a jury trial in writing and on the record." Rule 2.17(1)'s "on the record" requirement necessitates "some in-court colloquy or personal contact between the court and the defendant, to ensure the defendant's waiver is knowing, voluntary, and intelligent." *Liddell*, 672 N.W.2d at 812. The district court in conducting a waiver colloquy should address the following subjects with the defendant:

1. Twelve members of the community compose a jury;
2. The defendant may take part in jury selection;
3. Jury verdicts must be unanimous;
4. The court alone decides guilt or innocence if the defendant waives a jury trial; and
5. Neither the court nor the prosecution will reward the defendant for waiving a jury trial.

*Id.* at 813-14. However, the supreme court has made clear these subjects are not a "'checklist' by which all jury-waivers must be strictly judged." *Id.* at 814. "The ultimate inquiry remains the same: whether the defendant's waiver is knowing, voluntary, and intelligent." *Id.* "Substantial compliance is acceptable." *Id.*

The colloquies in both cases were minimal. In AGCR016952 the following colloquy occurred:

THE COURT: Before we can proceed, sir, I must confirm that you do understand you have a right to a trial by jury?
THE DEFENDANT: Yes, sir.

THE COURT: I do note that you filed a waiver of jury trial dated October of this year, ostensibly signed by you and your attorney. You did sign that document?

THE DEFENDANT: Yes, sir.

THE COURT: And you do agree with its contents?

THE DEFENDANT: Yes, sir.

THE COURT: And you do understand the decision is strictly up to me and not a 12 person jury?

THE DEFENDANT: Yes, sir.

The following colloquy occurred in AGCR017100:

THE COURT: Before we can proceed, sir, I note that you filed a waiver of jury trial, which is this document here. Do you recall doing so?

THE DEFENDANT: Yes, sir.

THE COURT: Did you review that with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: And you do agree with all the contents of that document?

THE DEFENDANT: Yes, sir.

THE COURT: And you do proceed—you do wish to proceed to a bench trial and without jury?

THE DEFENDANT: Yes, sir.

Although both colloquies could be fairly described as bare-bones, we nonetheless conclude the district court substantially complied with Iowa Rule of Criminal Procedure 2.17(1) in obtaining the defendant's waivers. In both colloquies, the district court referenced the defendant's written waivers to ensure the defendant had the opportunity to review them and understand the same. The written waivers contain the defendant's acknowledgement he was advised by his counsel regarding his right to a jury trial. The written waivers contain an explanation of the defendant's rights as set forth in *Liddell*. The written waivers also contain Richardson's acknowledgement his waivers were "knowingly and voluntarily" made. Although we caution against this minimalist approach to conducting a waiver colloquy, we nonetheless conclude the district court complied

with Rule 2.17 and *Liddell* by incorporating by reference the written waiver into the colloquy. *See, e.g.*, *State v. McElroy*, No. 17-0461, 2018 WL 1182534, at *3 (Iowa Ct. App. Mar. 7, 2018) ("We find the district court substantially complied with the requirements to establish a knowing, voluntary, and intelligent waiver of the right to a jury trial. Therefore, we find there was no breach of duty as any objection would have been meritless."); *State v. Green*, No. 16-0059, 2016 WL 4384874, at *1 (Iowa Ct. App. Aug. 17, 2016) ("While the court's colloquy did not touch on all of the subjects mentioned in *Liddell,* the colloquy was adequate for the court to determine [the defendant]'s waiver was made voluntarily and intelligently.").

Because the district court's waiver procedures were adequate, counsel had no duty to object to the same. *See State v. Schlachter*, 884 N.W.2d 782, 785 (Iowa Ct. App. 2016) ("Counsel is not ineffective for failing to make a meritless claim"). Richardson has thus failed to establish his first claim of ineffective assistance of counsel.

Richardson's second claim is his counsel provided constitutionally deficient representation in failing to move for judgment of acquittal in AGCR016952. Specifically, Richardson argues the State failed to prove, as an element of the offense, that the department of transportation provided him notice of his barred status.

Richardson's second claim is wholly without merit. "The court on motion of a defendant . . . shall order the entry of judgment of acquittal . . . if the evidence is insufficient to sustain a conviction of such offense . . . ." Iowa R. Crim. P. 2.19(8)(a). "Evidence is sufficient to withstand a motion for judgment of acquittal when, viewing the evidence in the light most favorable to the State and drawing all

reasonable inferences in the State's favor, 'there is substantial evidence in the record to support a finding of the challenged element.'" *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (quoting *State v. Reynolds,* 670 N.W.2d 405, 409 (Iowa 2003)). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008). Our supreme court recently made clear that notice is not an element of the offense. *See State v. Williams*, 910 N.W.2d 586, 593 (Iowa 2018) ("The crime consists of operating a vehicle during the period of time the defendant was barred from driving as a habitual offender. That is what the State must prove." (citation omitted)). There was substantial evidence supporting the elements of the offense as set forth in *Williams*. Counsel was not ineffective for failing to move for judgment of acquittal because the motion would have necessarily failed. *See Schlachter*, 884 N.W.2d at 785.

Finally, we address Richardson's claim that counsel was ineffective in failing to assert a necessity defense in AGCR017100. Richardson reasons it was necessary for him to drive to court for his first trial because he was "threatened with the loss of his liberty and right to be present at the State's trial against him if he did not violate the law by driving to the courthouse to make a defense to the charge made against him." Richardson notes he had no family or friends to provide him with transportation.

The necessity defense is limited to "emergency situations where the threatened harm is immediate and the threatened disaster imminent." *State v. Ventura*, No. 17-0661, 2018 WL 2084860, at *2 (Iowa Ct. App. May 2, 2018) (quoting *State v. Walton*, 311 N.W.2d 113, 115 (Iowa 1981)). "The defendant must

be stripped of options by which he or she might avoid both evils." *Walton*, 311 N.W.2d at 115. We have previously considered the following factors when determining whether a necessity defense applies: "(1) the harm avoided, (2) the harm done, (3) the defendant's intention to avoid the greater harm, (4) the relative value of the harm avoided and the harm done, and (5) optional courses of action and the imminence of disaster." *State v. Mure*, No. 16-1169, 2017 WL 1735886, at *2 (Iowa Ct. App. May 3, 2017) (quoting *Walton*, 311 N.W.2d at 115)).

Upon examination it is clear this claim does not establish an entitlement to relief. The necessity defense is inapplicable here. On October 25, 2017, the court set trial for November 30, 2017. Richardson had over a month to arrange transportation to the courthouse, yet he failed to do so. Richardson's predicament was of his own making by his failure to plan ahead. This is not an instance of immediate danger warranting a necessity defense. *See Walton*, 311 N.W.2d at 115; *State v. Young*, No. 14–0271, 2015 WL 1055070, at *3 (Iowa Ct. App. Mar. 11, 2015) ("The district court declined to give the [necessity] instruction because the harm was not imminent and because Young had options to avoid harm. We agree in both respects."). We conclude counsel was not ineffective for failing to assert a necessity defense. *See Schlachter*, 884 N.W.2d at 785.

In conclusion, Richardson failed to establish his counsel provided constitutionally deficient representation in these proceedings. We affirm Richardson's convictions in both AGCR016952 and AGCR017100.

**AFFIRMED.**