# IN THE COURT OF APPEALS OF IOWA

No. 18-1628
Filed October 9, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TIFFANY MARIE PENNINGTON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, John M. Wright,

Judge.

A defendant appeals her sentence following a guilty plea. **SENTENCE**

**VACATED AND REMANDED FOR RESENTENCING.**

Shawn C. McCullough of Powell and McCullough, PLC, Coralville, for

appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

Tiffany Pennington claims her plea counsel provided subpar representation by failing to object to the prosecutor's less-than-wholehearted sentencing recommendation as a violation of their plea agreement. Finding the State injected "material reservations" about Pennington's prospects for success on probation, we find counsel breached a duty in not objecting. Thus, we vacate the prison sentence and remand for resentencing.

The State charged Pennington with possession with intent to deliver more than five grams of methamphetamine (a class "B" felony), a drug-tax-stamp violation, child endangerment, and possession of marijuana. After bargaining with the State, she agreed to plead guilty to possession of less than five grams of methamphetamine with intent to deliver (a class "C" felony). In exchange, the prosecution agreed to dismiss the remaining counts and recommend a suspended sentence with supervised probation.[1]

At sentencing the State initially voiced the promised recommendation:

> Your Honor, the State is recommending a suspended sentence in this matter largely—primarily based on the defendant's lack of prior history, specifically lack of felonies, and I think there are only a couple misdemeanors on here.
> I would note the Department of Correctional Services' recommendation is consistent with that.

But in the next breath, the State hedged its recommendation:

> The State does have some significant concerns that Ms. Pennington, I think, will need to address if she's to be successful while on probation. She comes to court today and says that she has now obtained a substance-abuse evaluation and is now in treatment. The State has no basis to dispute that, nor is that confirmed with the

---

[1] The presentence investigation (PSI) report also recommended probation.

State or the court today, so we're going to have to take Ms. Pennington's word for it.

I note that so far supervision has not gone very well for Ms. Pennington in that she only recently obtained her substance abuse evaluation, and she has already tested positive for methamphetamine.

She denies having a substance abuse problem, although she was introduced to methamphetamine, it says, at age twelve, which is incredibly concerning. It shows lack of insight. There are a lot of people in drug court that are on the verge of going to prison that we see started using methamphetamine about that age.

She has got a poor work history.

The State then returned to its recommendation for a suspended sentence, saying:

But again, with the lack of priors it wouldn't seem that—or it would seem that probation and resources in the community would be appropriate for Ms. Pennington at this point in time.

I would propose that the Court order as specific terms and conditions for her to get that substance-abuse evaluation done or on file, or verified otherwise with her probation officer, and submit to random UA's. And I think it would be appropriate for Ms. Pennington to be court ordered to obtain and maintain employment as a specific condition of her probation.

But again, largely based on the lack of criminal history, and consistent with the Department of Correctional Services' recommendation and the plea agreement in this matter, we do believe a suspended sentence is appropriate at this time.

Departing from the parties' recommendation, the sentencing court imposed a ten-year indeterminate term of incarceration and a fine of $1000. In doing so, the court echoed the themes in the prosecutor's statement—including Pennington's trouble complying with pretrial supervision and her "very poor work history."

Pennington appeals, contending counsel was ineffective by not objecting to the prosecutor's alleged breach of the plea agreement. She argues, although the State did recommend a suspended sentence, it undercut that recommendation by "devolving" into concerns about her performance in pretrial supervision and

unresolved substance-abuse issues. Pennington believes she was entitled to an unadulterated recommendation from the State and her counsel was ineffective in failing to object when she did not receive one.[2]

To establish her claim of ineffective assistance, Pennington must show plea counsel failed to perform an essential duty, and the failure resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Counsel breaches an essential duty by failing to object or otherwise take remedial action when the State reneges on a plea agreement. *State v. Bearse*, 748 N.W.2d 211, 217 (Iowa 2008). And when defense counsel fails to object to a prosecutor's breach of a plea agreement, we presume prejudice. *State v. Lopez*, 872 N.W.2d 159, 170 (Iowa 2015) (declining to "play mind reader to speculate on what the sentencing court would have done differently if trial counsel had objected to a breach of the plea agreement"). But no breach of duty occurs if the State complied with the plea agreement. *State v. Fannon*, 799 N.W.2d 515, 523 (Iowa 2011).

We review ineffective-assistance-of-counsel claims de novo. *Straw*, 709 N.W.2d at 133. Because the record is adequate, we may resolve this claim on direct appeal. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

Because plea agreements require the accused to waive fundamental rights, we are compelled to hold prosecutors to "the most meticulous standards of both

---

[2] Before delving into the merits of Pennington's argument, we address her ability to appeal her sentence following a guilty plea and our jurisdiction or authority to decide her ineffective-assistance-of-counsel claim on direct appeal. Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) (limiting direct appeals from guilty pleas) and 814.7 (prohibiting resolution of ineffective-assistance-of-counsel claims on direct appeal) apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

promise and performance." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999) (citation omitted). When a plea agreement calls for the State to make a recommendation, "mere technical compliance is inadequate; the State must comply with the spirit of the agreement as well." *Id.* at 296. The prosecutor must "present the recommended sentence with his or her approval, commend the sentence to the court, and otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance." *Bearse*, 748 N.W.2d at 216 (cleaned up). When the State has "technically complied" with the plea bargain by recommending the agreed-upon sentence but "expressed material reservations" regarding the sentencing recommendation, "it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015) (explaining the expression of material reservations may be explicit or implicit).

From our de novo review of the sentencing record, we conclude the State breached the plea agreement, calling for remedial action by plea counsel. We recognize the prosecutor did recommend a suspended sentence, citing Pennington's lack of felonies and the consistent recommendation in the PSI report. And as the State suggests on appeal, prosecutors are not prohibited from recommending appropriate conditions of probation, such as maintaining employment, submitting to urine analysis, obtaining substance-abuse evaluations, and completing any recommended treatment. Suggestions of this kind can reassure the sentencing court that the defendant can be appropriately supervised in the community. Nor are prosecutors prohibited from sharing with the sentencing court their rationale for the proposed conditions of probation. For example, if the

prosecutor recommends a substance-abuse evaluation, it only makes sense for the prosecutor to mention the defendant's substance-abuse history.[3]

But, at the same time, prosecutors may not make "unnecessary" comments that "effectively undermine the sentencing recommendation." *Lopez*, 872 N.W.2d at 179. We find the prosecutor in Pennington's case made such unnecessary comments. His recommendation for a suspended sentence came with material reservations—or "significant concerns"—regarding Pennington's prospects for success on supervised probation. He noted her pretrial supervision "had not gone very well . . . in that she only recently obtained her substance-abuse evaluation, and she has already tested positive for methamphetamine." He also found Pennington's denial of her addiction to be "incredibly concerning." He highlighted her "lack of insight" and compared her youthful exposure to methamphetamine to participants in drug court who were "on the verge" of going to prison.

In expressing these reservations, the prosecutor "failed to indicate probation was worthy of the court's acceptance." *See id.* And as in *Lopez*, the sentencing court's reasons for imposing incarceration reflected the prosecutor's expressed reservations. *See id.*

Although the prosecutor bookended his comments with remarking a suspended sentence, supported by resources in the community, would be "appropriate" for Pennington, he significantly undermined that recommendation by

---

[3] Nor are prosecutors prohibited from discussing other concerns they considered before recommending probation. For example, in *State v. Schlachter*, we observed that the prosecutor's "correct recitation of [the defendant's] criminal record was not a distraction from the prosecutor's recommendation, but strengthened it by alerting the court the prosecutor was aware of [the defendant's] criminal record and was making the recommendation with that knowledge." 884 N.W.2d 782, 786 (Iowa Ct. App. 2016).

previously reciting the numerous reasons the State was dubious about her ability to succeed on probation. On appeal, the State contends the trial prosecutor "persuasively advocated for a suspended sentence and for conditions of probation that would maximize the defendant's chances of successfully completing probation."

We read the record differently. Unlike the situation in *Frencher*, the prosecutor here did not "strongly advocate" for the recommended sentence or state his belief Pennington could succeed on probation despite the articulated concerns. *Cf.* 873 N.W.2d at 285. The prosecutor's statements read as technical compliance. The State strayed from the spirit of the agreement, leaving Pennington without the benefit of her plea bargain. Counsel should have objected to the prosecutor's statements, and prejudice is presumed. The remedy is remand for resentencing by a different judge, with the prosecutor obligated to honor the plea agreement and sentencing recommendation. *Lopez*, 872 N.W.2d at 181.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**