# IN THE COURT OF APPEALS OF IOWA

No. 19-0736
Filed December 18, 2019

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**ANTOINE MARIO GRISSON, JR.,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Dubuque County, Robert J. Richter,

District Associate Judge.


       Antoine Grisson Jr. appeals his sentence for one count of burglary in the

third degree.  **AFFIRMED.**


       Sharon D. Hallstoos, Dubuque, for appellant.

       Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.


       Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Antoine Grisson Jr. appeals his sentence for burglary in the third degree, arguing the district court considered improper sentencing factors and gave insufficient justification for his sentence. Finding his argument meritless, we affirm.

## I. Background Facts and Proceedings.

In a written plea, Grisson pleaded guilty to one count of burglary in the third degree, an aggravated misdemeanor, in violation of Iowa Code sections 713.1 and 713.6A(2) (2018). At first glance, paragraph twelve of the guilty plea appears to state Grisson's understanding of the "plea negotiations." Yet the body of the paragraph sets forth each parties' sentencing recommendations. The paragraph states in full,

> **12.** I understand plea negotiations to be:
> - I will plead guilty to burglary in the third degree and the State will recommend a suspended two (2) year jail sentence, two (2) years of formal probation to the Department of Correctional Services, a fine of $625, an LEI surcharge of $125, payment of restitution to [the victim], and sentencing no contact order protecting [the victim].
> - I will not join in this recommendation, and will instead request[] that the court sentence me to a suspended jail sentence of two (2) years, two (2) years of informal probation, a fine of $625, an LEI surcharge of $125, payment of restitution to [the victim], and sentencing no contact order protecting [the victim].

(Capitalization modified.) The plea clarified that the court did not have to accept the "negotiations." Grisson requested to be sentenced immediately, even if he were not present.

On the same day, the district court accepted the guilty plea and sentenced Grisson. The court imposed the sentence the State proposed, including supervised probation. In determining the sentence, the court considered the Iowa

Code section 907.5 sentencing factors and also stated "the nature and circumstances of the crime and the [p]lea [a]greement" were "the most significant in determining this particular sentence."  Grisson appeals.

## II.  Standard of Review.

"When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors."  *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).  "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable."  *Id.* at 553 (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)).  "[W]e do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable."  *Id.* at 554

## III.  Analysis.

At the outset, we note that Grisson does not allege the sentence falls outside permissible statutory bounds.  Instead, he argues the district court did not provide adequate reasons for the sentence and improperly considered a rejected plea offer when it adopted the State's sentencing recommendation.[1]  Grisson asks to have his sentence vacated and his case remanded for resentencing.

As a predicate to sentencing a defendant, the court must "state on the record its reason for selecting the particular sentence."  Iowa R. Crim. P.

---

[1] Effective July 1, 2019, criminal defendants have no right to appeal from a final judgment of sentence in a guilty plea.  *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3) (2019)).  However in *State v. Macke*, the Iowa Supreme Court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019).  For that reason, we reach the merits of Grisson's claim.

2.23(3)(d). This must include "at least a cursory explanation" to allow for appellate review of its exercise of sentencing discretion. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "The district court can satisfy this requirement by . . . placing the reasons in the written sentencing order." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014).

While not detailed findings, we acknowledge the trial court performed its obligation. As reflected in its sentencing order, the district court based its sentence on the Iowa Code section 907.5 sentencing factors, the nature and circumstances of the crime, and the plea agreement. *See* Iowa Code § 907.5 (setting forth the relevant sentencing factors). The written guilty plea incorporated the minutes of testimony and set forth the details of the plea, including the sentencing recommendations. The guilty plea did not turn on Grisson receiving a particular sentence. For that reason, the parties' differing sentencing recommendations did not constitute rejected plea offers. Moreover, the court was not required to accept either recommendation. It was not improper for the court to consider, and ultimately choose to impose, one of the recommendations. *State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) ("[I]t is the court's prerogative to determine the appropriate sentence within the terms of the applicable statute based on the information available to it."). Because the court did not rely on improper factors and the sentence is reasonable and supported by sufficient justification, we conclude the sentence is valid.

## IV. Disposition.

For the above stated reasons, we affirm Grisson's sentence.

**AFFIRMED.**