# IN THE COURT OF APPEALS OF IOWA

No. 19-0445
Filed April 1, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CLINT M. BRAUN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers, District Associate Judge.

Clint Braun appeals after pleading guilty to one count of forgery. **AFFIRMED.**

Seth Harrington of Harrington Law LC, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ. Ahlers, J., takes no part.

**DOYLE, Judge.**

Clint Braun pled guilty to one count of forgery in exchange for the State's agreement to dismiss a second-degree-theft charge and recommend probation. The district court sentenced Braun to a five-year term of incarceration. On direct appeal, Braun contends his counsel was ineffective by failing to object to the prosecutor's alleged breach of the plea agreement at the sentencing hearing.[1]

We review ineffective-assistance claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, Braun must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). A breach of duty occurs if counsel's performance is not objectively reasonable. *See State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017). Because counsel has no duty to make a meritless objection, Braun's claim depends on whether the prosecutor breached the plea agreement. *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) ("[T]o determine whether counsel failed to perform an essential duty in failing to object to the prosecutor's recommendation, we must first determine whether the State breached the plea agreement.").

At the sentencing hearing, the prosecutor stated:

> The plea agreement in this case is for the State to recommend probation, so that's what the State is going to recommend. It's troubling that Mr. Braun really had—seemed like he had trouble making it to court and cooperating with the presentence investigation. My hope is, given the privilege of probation, that his performance on probation is better than it was in getting his

---

[1] Because recent amendments to Iowa Code chapter 814 (2019) that limit a defendant's right to appeal do not apply to cases pending on July 1, 2019, *see State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019), we may consider Braun's claim on direct appeal.

> presentence investigation done. We would ask that if he is given probation, the $750 fine be suspended, 35 percent surcharge be suspended, pay [the] $125 law enforcement initiative surcharge, court costs. We have no position on attorney fees. We ask that he submit a DNA sample.

The express recommendation followed the plea agreement. But Braun alleges the prosecutor undermined the agreement by communicating his reservations to the court when he observed that Braun had trouble completing the presentence investigation, characterized probation as a "privilege," and stated a "hope" that Braun's performance on probation would be better. When coupled with the prosecutor's failure to give a reason for recommending the sentence apart from the plea agreement, Braun argues the prosecutor failed to commend the sentence adequately to satisfy the agreement.

In deciding whether a prosecutor breached a plea agreement, the question "is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). Thus, a breach can occur when the prosecutor technically complies with the plea agreement but expresses "material reservations" about it. *Id.* A prosecutor may imply material reservation "by proposing alternative sentences; by requesting 'an appropriate sentence' rather than the agreed-upon sentence; by making a recommendation and then reminding the court it is not bound by the plea agreement; or by emphasizing a more severe punishment recommended by the presentence investigation author." *Id.* at 285 (citing cases).

We cannot find the prosecutor breached the plea agreement by expressing material reservation implicitly, as Braun alleges. The prosecutor explicitly recommended probation, and none of the examples of implicit expression of reservation set forth in *Frencher* occurred here. Although the prosecutor stated concern about Braun's failure to attend court hearings and the presentence investigation, the sentencing hearing began with the court outlining these failures in detail. In context, the prosecutor's acknowledgment of Braun's "trouble making it to court and cooperating with the presentence investigation" appears less calculated to redirect the court's attention to these failures and more to acknowledge the court's concerns. *See id.* (finding that the prosecutor discussed the defendant's criminal history and negative information in the presentence investigation report "only to provide context to the sentencing recommendation"); *see also State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) (holding prosecutor's act of reciting the defendant's criminal record "was not a distraction from the prosecutor's recommendation, but strengthened it by alerting the court the prosecutor was aware of [it] and was making the recommendation with that knowledge"). Ultimately, the prosecutor stated his "hope" that Braun would perform better if granted probation as the prosecutor recommended.

Because Braun has failed to show his counsel breached an essential duty by failing to object, his ineffective-assistance claim fails and we affirm.

**AFFIRMED.**