# IN THE COURT OF APPEALS OF IOWA

No. 23-0807
Filed December 6, 2023

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**STEPHEN PRENTICE POTTER,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Henry County, Joshua P. Schier, Judge.

 Stephen Prentice Potter appeals the sentences imposed by the district court after his guilty pleas. **AFFIRMED.**

 Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

 Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

 Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Stephen Prentice Potter appeals the sentences imposed by the district court following his guilty pleas entered for eluding, possession of marijuana, and operating while intoxicated. He contends the district court abused its discretion by failing to properly weigh opportunities for rehabilitation and the State breached the plea agreement. Because we find the district court did not abuse its discretion and the State did not breach the plea agreement, we affirm the sentences.

## I.     *Background Facts and Proceedings.*

This appeal results from a high-speed chase occurring in Henry County, Iowa. Potter eluded officers on his motorcycle, leading to one of the officers crashing and totaling his patrol vehicle. Following the crash, officers arrested Potter and discovered marijuana in his possession. They also determined he was under the influence while operating his motorcycle.

Potter was ultimately charged with Count I, eluding; Count II, possession of a controlled substance, third offense; and Count III, operating while intoxicated, second offense. Pursuant to a plea agreement, Potter pled guilty to the lesser offenses of eluding; possession of marijuana, second offense; and operating while intoxicated, first offense. The parties stipulated to concurrent, suspended sentences on Counts I and II; a three-year suspended sentence on Count III to run consecutive to Counts I and II; and probation. But the court's approval of the sentence was not a condition of the plea agreement, and the sentencing court rejected the sentencing recommendations, instead sentencing Potter to consecutive indeterminate prison terms on all three Counts: two years each for

Counts I and II and one year on Count III, for a total of five years. The court also ordered Potter to pay $22,253.50 in restitution for the damaged patrol vehicle.

Potter timely appealed. On appeal, he argues the district court abused its discretion in sentencing and that the State breached the plea agreement.

## II. Scope of Review.

We review sentencing orders for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* (citation omitted).

## III. Abuse of Discretion in Sentencing.

We begin by addressing Potter's claim that the sentencing court abused its discretion. An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted). In sentencing, the court must consider "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). It must also weigh rehabilitation of the offender against the protection of the community. *Id.* at 725. "The sentencing court has broad discretion to impose the sentence it determines is best suited to [these goals]." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022) (citing Iowa Code § 901.5 (2021)). Exercising this discretion by selecting one particular sentence over another is not an abuse of discretion. *Formaro*, 638 N.W.2d at 725.

First, Potter claims the district court abused its discretion when sentencing him by failing to follow the plea agreement. Because the sentencing court is clearly not bound by the plea agreement, we quickly reject this argument. *See* Iowa R. Crim. P. 2.8(2)(b)(8).

Next, Potter contends the district court abused its discretion by improperly weighing the circumstances of the case and the rehabilitative goals of sentencing. He specifically claims the district court ignored key opportunities for rehabilitation, including the available community resources and supports, his ability to pay the restitution amount by working during probation, and substitute sentencing options other than prison. Potter also argues serving the sentence prevents him from providing necessary care for his ailing parents.

At the sentencing hearing, the district court explained its decision as follows:

> The Court's considered all the sentencing provisions provided for in Iowa Code Chapters 901, 902, and 907. The following sentence is based upon my judgment of what will provide maximum opportunity for your rehabilitation and at the same time protect the community from further offenses by you and others.
> The Court has specifically considered the following factors: Your age, your criminal history. . . . Your prior employment, your family circumstances. I do note that you do have the support of your parents. The nature of the offenses committed, the harm to the victims, your need for rehabilitation and your potential for rehabilitation, the plea agreement, and all the factors set out in the [pre-sentence investigation report].
> The Court is concerned with the history of your criminal offenses. You've had several driving charges. You've had multiple driving under the influence. You've had several drug charges. You have similar offenses over and over and over. You've had the benefit of parole; you've had the benefit of probation; you've had probation revoked; you've had parole revoked twice for the same charge. You had opportunities, sir, and it doesn't seem that you're learning from them. . . .
> . . . .
> The reason the Court is ordering these sentences to run consecutively is due to the nature of your offenses, the potential

harm to the community, the need to protect the community. It's due to your criminal history and your history of failing to succeed on probation and parole.

Potter fails to show the sentencing court abused its discretion. The court properly considered the goals of sentencing and the circumstances of Potter's situation. After assessing the applicable factors, it declined to follow the plea agreement. While there are circumstances that weigh in favor of probation, such as Potter's positive social support and his caregiving responsibilities, these are not dispositive. Conversely, Potter had similar criminal offenses with a history of failed attempts at supervision. The offenses themselves were also the result of dangerous circumstances involving a high-speed chase that put others at risk. The court was authorized to consider all these factors and exercise its discretion in determining a sentence. *See West Vangen*, 975 N.W.2d at 355. While the court could have imposed the sentence recommended in the plea agreement, it is not error for it to have imposed a different sentence. *See Formaro*, 638 N.W.2d at 725.

## IV.    *Breach of Plea Agreement.*

Potter also challenges his sentence by alleging the State breached the plea agreement by failing to properly recommend the agreed upon sentence to the district court. A breach of the plea agreement is a defect in the sentencing procedure that warrants reversal. *State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022). Our inquiry is "whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Id.* at 131 (citation omitted). By agreeing to a plea, the prosecutor is obligated to "recommend" the plea agreement, which "requires the prosecutor to present the

recommended sentences with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance." *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999). But we do not require "florid advocacy" by the State. *State v. Davis*, 971 N.W.2d 546, 557 (Iowa 2022). The mere proposal of a plea agreement "carries with it the State's implicit representation it is 'worthy of the court's acceptance.'" *State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) (quoting *Horness*, 600 N.W.2d at 299–300).

Regarding the plea agreement, the State stated:

> Since this case did involve possession of drugs, I did staff this case with the county drug investigator and the attorney in my office that handles driving offenses, and based upon the facts presented to us, we agreed that a proper recommendation in this case would be for [Potter] to plead to the lesser-included offenses and recommendation of two years on each aggravated, those run concurrent with one another; one year on the serious offenses, consecutive, for a total of three years, suspended with supervised probation.

Potter argues this is not an adequate recommendation of the sentence, thereby breaching the plea agreement. We disagree. There are no facts here to suggest that the State interfered with the agreement in any way. *See id.* at 787 ("[W]here the prosecutor has been held to have breached the plea agreement, there was something the prosecutor said that implicitly or explicitly undermined the plea agreement."). While certainly not a glowing reference, we only require the minimum recommendation. *See Davis*, 971 N.W.2d at 557. Upon review of the record, we find the State adequately commended the plea agreement to the sentencing court. Based on the nature of the offenses and the experience of the actors consulted during negotiations, the State explained its reasoning for the

agreement. It also highlights the agreement itself, providing its implicit support of the proposed sentence. *See Schlachter*, 884 N.W.2d at 786. There is no evidence here suggesting the State sabotaged the process or somehow convinced the sentencing court to decline the agreement. Absent additional circumstances, we find no breach.

Because we find the district court did not abuse its discretion in sentencing Potter, and the State did not breach the plea agreement, we affirm Potter's sentences.

**AFFIRMED.**