# IN THE COURT OF APPEALS OF IOWA

No. 23-1345
Filed June 5, 2024

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JEREMY ALLYN CRANDALL,**
      Defendant-Appellant.

_____

      Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

      Jeremy Crandall challenges his sentence following a guilty plea. **AFFIRMED.**

      Andrew R. Wiezorek of Jacobsen, Johnson & Wiezorek, P.L.C., Cedar Rapids, for appellant.

      Brenna Bird, Attorney General, and Katherine P. Wenman, Assistant Attorney General, for appellee.

      Considered by Schumacher, P.J., Ahlers, J., and Blane, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**AHLERS, Judge.**

Jeremy Crandall stole a large amount of money from his adult daughter. As a seven-year-old child, the daughter was in a car accident that injured her and killed her mother and younger sister. The daughter received life insurance proceeds and Social Security benefits due to her mother's death. A conservatorship was established for her, with Crandall serving as conservator. After the daughter turned eighteen and was no longer subject to the conservatorship, Crandall transferred the daughter's remaining money to an account over which he had control and spent a large sum of it for his own benefit, leading the State to charge him with theft in the first degree.

The parties reached a plea agreement. Pursuant to that agreement, Crandall pleaded guilty to the lesser offense of theft in the second degree. Crandall requested a deferred judgment, which the State did not resist. The district court declined to follow the recommendation for a deferred judgment. Instead, the court adjudicated Crandall guilty of the offense, imposed an indeterminate five-year prison sentence, suspended the sentence, and placed Crandall on probation. Crandall appeals, raising multiple challenges to his sentence.

Although Crandall pleaded guilty, we may consider his appeal because he has good cause to challenge the sentence imposed. *See* Iowa Code § 814.6(1)(a)(3) (2023) (denying a defendant a right of appeal following a guilty plea unless the defendant establishes good cause or appeals from a class "A" felony); *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) ("We hold that the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain."). When,

as here, the sentence imposed is within statutory limits, there is a strong presumption in its favor, and it will only be overturned if the defendant shows the court abused its discretion by relying on improper factors or basing the sentence on clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 758–59 (Iowa 1998).

Crandall argues the district court abused its discretion in four ways. First, he contends the district court abused its discretion by denying his request for a deferred judgment when the State did not resist that request and the presentence investigation report (PSI) author also recommended a deferred judgment. But Crandall's guilty plea was not conditioned on the court's acceptance of a joint sentencing agreement. *See* Iowa R. Crim. P. 2.10(3). So "it [was] the court's prerogative to determine the appropriate sentence within the terms of the applicable statute based on the information available to it" rather than simply deferring to the parties' recommendations. *See State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016). As to the PSI recommendation, district courts are not required to follow PSI recommendations—rather, it is just one of the many factors the court considers when determining a sentence. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). The court did not abuse its discretion by declining to adopt the recommendations of the parties and the PSI author.

Second, Crandall contends the district court pre-determined the sentence before the sentencing hearing occurred. He describes an in-chambers, off-the-record conversation during which the court purportedly rejected the parties' request that the court issue a sentencing order adopting the parties' recommendation without a sentencing hearing. Crandall also claims that, during

that meeting, the court commented that Crandall would not like the sentence and would want a record of sentencing. However, the conversation upon which Crandall relies was never memorialized on the record,[1] so we do not consider it on appeal. *See* Iowa R. App. 6.801 (identifying what "constitute[s] the record on appeal"); *State v. Wooten*, No. 20-0715, 2021 WL 810930, at *1 (Iowa Ct. App. Mar. 3, 2021) (explaining we generally do not consider facts not contained in the record). From the record that is available to us, Crandall cannot establish that the court had determined the sentence before the hearing took place.

Third, Crandall argues that the court considered evidence or facts not contained in the record, pointing to the court's comment that it considered whether "full restitution is ever likely to be paid" and didn't believe Crandall was "ever going to be able to pay all this back." The precise amount of restitution owed was unknown at the time of the sentencing hearing, but Crandall's counsel conceded it would be "tens of thousands" of dollars. Having this general idea of the amount owed, the court stated, "It's pretty obvious that you don't have the financial means to pay all this back." Crandall argues "[t]here is little to no evidence in the record, much less substantial evidence, to support this ground. No statements were made by the appellant that he could not or would not pay back the restitution." While Crandall made no statement about being unable or unwilling to pay restitution and in fact stated he wanted to pay his debt, the PSI, which the court was free to consider, made clear that Crandall will have difficulty paying restitution. The PSI

---

[1] Crandall's appellate brief includes citations to the appendix when recounting this purported conversation. However, the cited portions of the appendix do not relate to the purported off-the-record conversation upon which Crandall relies.

showed that Crandall makes $29 per hour and has historically maintained employment. However, the PSI notes that Crandall described his family's finances as "tight" and wished he was able to save more money. His wife reported that Crandall's legal fees and their son's medical bills were making "it difficult to honor all of their financial obligations." We conclude there is substantial evidence supporting the court's conclusion that Crandall does not have the financial means to pay back all the funds he took from his daughter. So Crandall cannot establish that the court relied on facts not in the record.

Finally, Crandall argues the court "abused [its] discretion when deciding that [it] was specifically relying on the victim impact statement to exercise [its] discretion." He reasons that "by relying on the victim impact statement to exercise discretion, the court abused its discretion by not considering a host of other factors as is required by law such as the appellant's age, employment status, criminal history, family circumstances, and the like." He goes on to argue "placing such a heavy reliance on the victim impact statement was not appropriate based on the victim failing to appear at the sentencing hearing and not making a specific recommendation as to the sentence."

The victim's decision to present a written victim impact statement and not attend the sentencing hearing is expressly permitted by Iowa Code section 915.21(1)(a). Crandall identifies no authority that requires a victim impact statement be given less consideration if the victim elects to not attend the sentencing hearing. The court was free to consider the victim impact statement without regard to the victim's absence from sentencing. And while the court did consider the victim impact statement, it also considered other relevant sentencing

factors. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (listing relevant sentencing factors). The court specifically noted that it considered:

> what provides the maximum opportunity to rehabilitate the defendant, what protects the community from further offenses by the defendant and others, the nature of this offense, the defendant's lack of a previous criminal record, the defendant's age, education, employment, and family circumstances.
>
> I've looked at the recommendation of the PSI, the county attorney and the defense attorney. I've considered the victim impact statement, which was provided in writing, and I've looked at whether this is a case where restitution would make up for the crime.

This established that the court considered more than just the victim impact statement. While it is true that the court emphasized the particular facts of this case when explaining its reasoning for selecting its sentence, the court was free to place particular emphasis on the troubling facts underlying this case. Doing so makes clear that the court reached an individualized sentencing determination tailored to this case.

We conclude Crandall failed to establish that the district court abused its discretion when sentencing him.

**AFFIRMED.**