# IN THE COURT OF APPEALS OF IOWA

No. 23-1649
Filed July 3, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID LEE POLKINGHORN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, Judge.

A criminal defendant appeals, challenging the district court's consideration of his criminal history. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart (until withdrawal) and Vidhya K. Reddy, Assistant Appellate Defenders, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers (until withdrawal) and Joshua A. Duden, Assistant Attorneys General, for appellee.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Dave Lee Polkinghorn scratched his ex-girlfriend's car with his keys, causing more than $750 but less than $1500 in damage. He pled guilty to criminal mischief in the third degree, an aggravated misdemeanor in violation of Iowa Code section 716.5 (2022).

At sentencing, the State and Polkinghorn both recommended a sentence of 365 days in jail with 360 days suspended. The sentencing court departed from the parties' recommendation and imposed a 360-day jail sentence with 340 days suspended and formal probation—in other words, imposing twenty days in jail instead of five and more-structured probation, compared to the joint recommendation. In its explanation of reasons for sentence, the court relied in part on Polkinghorn's "criminal history where [he was] convicted of criminal mischief before" and his failure to rehabilitate on a past suspended sentence. The court specifically indicated it was not considering any unproven charges, such as those referenced in a victim impact statement. In response to this sentence, Polkinghorn told the judge he should have requested they "gas the bus up," speculating he would do less time in prison.

Polkinghorn appeals, challenging only his sentence. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Polkinghorn's appellate claim is narrow, urging the sentencing court erred by considering his criminal history—which he contends was outside the record. But, as the State points out, this information was in the record: Polkinghorn's criminal history was filed on the online docket before sentencing and he did not move to strike, object, or otherwise contest it. And even on appeal, he does not assert the criminal-history information was erroneous in any way.

We first consider whether error was preserved. Although the State does not contest error preservation, we must consider it nonetheless. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) (en banc) ("[T]his court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal."). This is in part because, pursuant to the Iowa Constitution and state statutes, we are a "court for the correction of errors at law," and "[i]f an issue was never presented to the district court to rule on, and if the district court did not in fact rule on it, we lack any 'error' to correct." *State v. Gomez Medina*, __ N.W.3d ___, ___, 2024 WL 2471824, at *5 (Iowa 2024) (citing Iowa Const. art. V, § 4); *see also* Iowa Code § 602.5103.

No Iowa case law appears to directly answer the error-preservation question here—whether an objection must be made to a written criminal history filed outside a presentence investigation (PSI) report. In both our published and unpublished cases, we have noted in passing that criminal history was presented to the judge in some fashion, presumably without objection and possibly as part of a local custom. *See, e.g.*, *State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) ("The county attorney did recite Schlachter's criminal record, which is not uncommon when no PSI is available, as was the case in this proceeding.");

*State v. Axiotis*, No. 11-1816, 2012 WL 3196007, at *2 (Iowa Ct. App. Aug. 8, 2012) ("It is unclear . . . whether in those circumstances when there is no presentence investigation report, the [local] court had a custom or requirement that the prosecutor recite a defendant's criminal history."); *State v. Smith*, No. 04-0241, 2004 WL 2296708, at *1 (Iowa Ct. App. Oct. 14, 2004) (implicitly finding the State's offer of the defendant's criminal history fell within the statutory provision of information to sentencing judges found in Iowa Code section 901.2(1)). We have also expressly commended that, in a case with no PSI, the "better practice" is ordinarily for the State to provide a "written copy of the defendant's criminal history" rather than recite it orally. *See State v. Alexander*, No. 17-1742, 2018 WL 3057620, at *3 n.3 (Iowa Ct. App. June 20, 2018). Following the implicit reasoning of these cases and recognizing this is a common practice, we hold that a criminal defendant must advance an objection below to preserve error on a complaint about how his criminal history was presented to the sentencing court.

This conclusion is not at odds with other sentencing case law, as controlling precedent requires objections to a sentencing procedure be made "at the earliest opportunity after the grounds for the objection become apparent." *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). This is distinct from other sentencing challenges with lessened error-preservation requirements where we do not require defendants to object mid-stream as a judge exercises her discretion and announces reasons for sentencing. *See State v. Gordon*, 921 N.W.2d 19, 22–23 (Iowa 2018) (collecting cases). The issue here is that Polkinghorn objects to *how* his criminal history was made part of the record—a procedural challenge constrained by *Tindell* and its progeny.

Even if we came out the other way on the error-preservation question, we would affirm on the merits. "[A] sentencing court has a right to know a defendant's criminal record prior to sentencing." *Schlachter*, 884 N.W.2d at 786; *see* Iowa Code § 901.2(1) ("[T]he court shall receive from the state . . . any information which may be offered which is relevant to the question of sentencing."). And we find submitting a defendant's criminal history in writing is no different—and perhaps more reliable—than if the State recited the prior convictions at sentencing as part of its recommendation. *See State v. Jose*, 636 N.W.2d 38, 41–42 (Iowa 2001) (finding the sentencing court did not consider unproven criminal history when the State "highlighted" prior convictions at sentencing and the defendant did not contest them); *Alexander*, 2018 WL 3057620, at *3 n.3. In this particular case, what the parties refer to as "criminal history" is a printed search return from the National Crime Information Center (better known as "NCIC"), which negates any concern we might have about reliability.

In sum, we find Polkinghorn failed to preserve error on his procedural challenge to the written criminal history and we note he would not be entitled to relief even if he had preserved error.

**AFFIRMED.**