# IN THE COURT OF APPEALS OF IOWA

No. 23-0345
Filed August 21, 2024

**ANTHONY GUY STONER,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, David Porter, Judge.

　　Anthony Stoner appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

　　John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee State.

　　Considered by Badding, P.J., Chicchelly, J., and Carr, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CARR, Senior Judge.**

Anthony Stoner appeals the dismissal of his application for postconviction relief (PCR), arguing that the court erred in rejecting his claims of ineffective assistance of trial counsel and failed to consider whether his trial counsel communicated all plea offers to him. We affirm the district court's dismissal of his PCR application.

**I.     Background Facts and Proceedings**

On July 24, 2018, Stoner was charged by trial information (FECR317488) with three counts of second degree sexual abuse in violation of Iowa Code section 709.3(1)(b). On August 23, 2018, Stoner was charged by trial information (FECR318532) with three counts of third degree sexual abuse in violation of Iowa Code section 709.4(1)(b)(2). A pretrial conference for FECR318532 was conducted on September 27, 2018. The district court's order of pretrial conference shows a plea offer existed at that time as follows: "plea to one count in this case and Count I in other case, consecutive. Dismiss remaining offenses. Withdrawn on taking of depositions." Stoner and his trial counsel were both present for that conference and Stoner received a copy of the order.

Trial for the first case was set for October 22, 2018, and October 29, 2019, for the second case. At 10:51 p.m. on October 21, the evening before the first trial, the prosecutor emailed a plea offer to Stoner's trial counsel. Trial counsel was sleeping at that time and first saw the offer the morning of trial at around 3:00 a.m. Trial counsel immediately traveled to the jail where Stoner was located and arrived around 4:00 a.m. to present the offer and discuss it with Stoner. Trial counsel testified that he was fully prepared to go to trial if Stoner did not take that offer.

On October 22, 2018, Stoner pleaded guilty to three counts of lascivious acts, all class "C" felonies, in violation of Iowa Code section 709.8, averting trial in both cases. Stoner admitted to touching the vagina of a nine-year-old child on two occasions, both times with the intent to arouse his own sexual desires. He also admitted to touching his penis to the vagina of another child under the age of fourteen, also with the intent to arouse his own sexual desires.

Stoner was sentenced to a total of twenty years in prison—ten years each for the two counts in FECR317488, to be served concurrently to each other, and ten years for the count in FECR318532, to be served consecutively with the other two counts. The convictions were affirmed on direct appeal with the exception that one of Stoner's $100 surcharges was reversed. *See State v. Stoner*, 19-0087, 2020 WL 1054088, at *6 (Iowa Ct. App. March 4, 2020).

Stoner applied for PCR on July 23, 2021. His appointed counsel filed an amended petition which identified prosecutorial misconduct, actual innocence, and ten specifications of ineffective assistance by his trial counsel. The PCR trial was held on July 7, 2022. The PCR application was dismissed on February 27, 2023. Stoner now appeals that dismissal.

## II.    Standard of Review

We ordinarily review the denial of a PCR application for correction of errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). At the same time, we review a claim of ineffective assistance of counsel de novo. *Id.* "In addition, we give weight to the lower court's findings concerning witness credibility." *Id.*

## III.     Error Preservation

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002). "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (internal citation omitted) (holding that failure to meet these requirements fails to preserve the claim for a future postconviction proceeding).

Stoner first contends that the October 21 plea offer did provide him enough time to make a decision and adequately discuss the consequences with his trial counsel. He now claims on appeal that he was unaware of the previous September 27 plea offer and that counsel's failure to inform him of that offer impacted his ability respond to the October 21 offer. At the PCR hearing, Stoner raised many other allegations of trial counsel ineffectiveness but did not raise the issue of his attorney's failure to inform him of a previous plea offer. Error has not been preserved on this issue.

We next address Stoner's argument that his PCR counsel was ineffective, insofar as he alleges such. "Improvident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel." *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). "[W]e do not delve into trial tactics and strategy 'when they do not clearly appear to have been

misguided.'" *State v. Ondayog*, 722 N.W.2d 778 (Iowa 2006) (quoting *State v. Couser*, 567 N.W.2d 657, 659 (Iowa 1997)).

Stoner argues that it "appears" his PCR counsel "simply missed" the previous September 27 plea offer because she failed to develop further record or question Stoner's trial counsel regarding the offer. Again, he stated that the "problem with [PCR counsel's] ineffective assistance of counsel argument is that [trial counsel] had no control over when [the prosecutor] made the [previous] plea offer. . . . After receiving the offer, [trial counsel] then did everything he humanly could to get to the jail and to communicate the offer." Stoner appears to question his PCR counsel's trial strategy but never directly accuses his PCR counsel of ineffectiveness. The State argues that Stoner has failed to "state the specific ways in which [PCR] counsel's performance was inadequate and identify how competent representation probably would have changed the outcome," and thus has not preserved error on the issue of PCR counsel's ineffectiveness. *See Dunbar*, 515 N.W.2d at 15. We agree. Absent any specific statement describing the ways in which a trial strategy amounted to ineffectiveness, challenging his PCR counsel's trial strategy does not alone raise a justiciable claim for ineffectiveness of counsel or preserve the claim for a future PCR proceeding. We thus hold that Stoner has not effectively raised grounds for us to address the issue and has not preserved error for future proceedings on the issue of ineffectiveness of his PCR counsel.

## IV. Discussion

We also choose to address Stoner's appeal on the merits. He argues his trial counsel was ineffective for failing to inform him of a previous plea offer

described in the district court's September 27, 2018, pretrial conference order for for FECR318532.

To establish ineffective assistance of counsel, "a defendant must typically show that (1) counsel failed to perform an essential duty and (2) prejudice resulted." *State v. Keller,* 760 N.W.2d 451, 452 (Iowa 2009) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020). When there has been a guilty plea, to show prejudice an applicant must establish that "there is a reasonable probability that, but for counsel's error he or she would not have pleaded guilty and would have insisted on going to trial." *Horton v. State*, 966 N.W.2d 663, 666 (Iowa Ct. App. 2021) (citation omitted). While the defendant must prove both elements, "[i]f the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State,* 626 N.W.2d 134, 142 (Iowa 2001).

Stoner's ineffective assistance of counsel argument fails on both prongs. First, there is no evidence that Stoner was unaware of the September 27 offer or that trial counsel failed to apprise him of the offer. The pretrial conference order states that both Stoner and his trial counsel were present for the September 27 conference and that Stoner was personally served a copy of the order. The pretrial order also states the terms of the outstanding plea offer. There is no indication that the items in the pretrial order were not discussed at the pretrial conference or that Stoner was unaware of the offer. Trial counsel testified to his memory the October 21 offer was the "first formal offer" from the State and also testified he was

familiar with PCR proceedings and would have relayed any other offer to his client. He was never questioned about the September 27 offer, and the September 27 offer has not been an issue raised or discussed until this appeal. Under Iowa law, it is presumed that he knew or that his trial counsel would have otherwise informed him. *See Booth-Harris*, 942 N.W.2d at 577 ("We presume counsel performed competently unless the claimant proves otherwise. . . . 'Trial counsel has no duty to raise an issue that lacks merit . . . .'" (second alteration in original) (citations omitted)). And with Stoner having been present at the conference with his counsel and having received a copy of the conference order, we can presume his knowledge of the September 27 plea offer when there is a lack of tangible evidence otherwise.

Further, Stoner directly argues against the ineffectiveness points he made at the PCR trial. At the PCR trial, Stoner argued that his trial counsel failed to properly advise him of all the collateral consequences of his guilty plea. But in his appellant's brief, he does not advance any of his trial arguments for his trial counsel's ineffectiveness. Stoner instead endorses the actions of his trial counsel in relation to counsel's handling of the October 21 offer, stating his trial counsel "had no control over when [the prosecutor] made the [previous] plea offer that she made. After receiving the offer, [trial counsel] then did everything he humanly could to get to the jail and to communicate the offer." He does not advance any argument claiming trial counsel was deficient in handling the October 21 offer. Thus, Stoner fails on both his new, unpreserved argument and his existing ineffectiveness arguments.

Second, Stoner does not argue that, if made aware of the September 27 plea offer, he would have chosen to reject the October 21 plea offer or that he would have taken the September 27 plea offer. Nor does he argue that his lack of knowledge of the September 27 offer made his later guilty plea not knowing or voluntary. He simply argues that "[i]f the earlier plea offer had been communicated to Stoner, the events of Oct. 21-22 would have seemed like a logical continuation of the plea bargaining process rather than the out-of-nowhere development he and his attorney perceived them to be." Because of this deficiency in Stoner's argument, he has failed to allege any actual prejudice resulted from his trial counsel's ineffectiveness. *See id.*

For these reasons, we affirm the district court's dismissal of Stoner's application for postconviction relief.

**AFFIRMED.**